455 So.2d 380 (1984)
John H. JAMASON, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 63571.
Supreme Court of Florida.
August 30, 1984.
David Roth of Cone, Wagner, Nugent, Johnson, Hazouri and Roth, and Larry Klein, West Palm Beach, for petitioners.
*381 Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This cause is before us on petition to review a decision of the Fourth District Court of Appeal reported as Jamason v. State, 447 So.2d 892 (Fla. 4th DCA 1983), in which the district court certified the following question as being of great public importance:
Whether the willful refusal to obey a telephonic order (in the nature of a writ of habeas corpus) issued by a court of general jurisdiction and based upon an oral application therefor by an attorney for the individual said to be illegally restrained, may constitute criminal contempt.
Id. at 896. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we approve the district court decision and answer the certified question in the affirmative.
The relevant facts of this cause are as follows. At approximately 9:30 a.m. on January 18, 1982, Circuit Court Judge Rosemary Barkett received a telephone call from an attorney who was allegedly retained to represent a man in the custody of the West Palm Beach Police Department. The attorney stated that he had been denied access to his client. Judge Barkett then telephoned the petitioners, officers with the West Palm Beach Police Department, and stated that she was "issuing an oral writ of habeas corpus to bring [the prisoner] before me immediately." 447 So.2d at 893. There was no dispute concerning the identity of Judge Barkett but the officers refused to comply with her oral order. By the time a formal writ of habeas corpus had been issued, the prisoner had been transferred to the Palm Beach County Jail. Petitioners were subsequently adjudged guilty of criminal contempt for the willful refusal to obey the court's telephonic order and were fined $500 each.
On appeal, the district court of appeal affirmed the trial court. The court noted that "only if an order is entered in a matter concerning which the court has no jurisdiction may such an order be safely ignored. The corollary of that rule is that whether an order be totally erroneous or irregular or even unconstitutional, its violation may constitute a criminal contempt." 447 So.2d at 893. Finding that this case involved an oral application for a writ of habeas corpus, the district court held that the circuit judge had subject matter jurisdiction to issue the oral order. The court concluded by finding that, while the oral order may have been voidable, it was not void and the willful refusal to comply constituted criminal contempt.
We fully agree with the reasoning of the district court. There is no question that the prisoner was in the custody of the petitioners who knew that the circuit judge had jurisdiction to issue writs of habeas corpus and jurisdiction, as a committing magistrate, over all individuals in custody in Palm Beach County for state, county, or municipal offenses. At most, the order issued by Judge Barkett was voidable. Oral orders by trial courts, while not preferred, are necessary at times. Law enforcement also finds it necessary at times to request that oral orders be entered for jail release of confidential informants, jail transfers, and inmate illness. Such oral orders should, however, be reduced to writing as soon as practicable. Petitioners, as law enforcement officers, must obey the orders of lawful authority the same as everyone else, even though they may disagree with the order. They had available the proper means to challenge the order by appearing as directed, with the prisoner in custody, and challenging the sufficiency and validity of both the habeas corpus petition and the process employed before proceeding to the consideration of the petition on its merits.
We find that the petitioners were properly adjudicated in criminal contempt and we approve in full the district court decision.
It is so ordered.
*382 BOYD, C.J., and ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.