NESBITT, Judge.
This is an appeal of an order denying a motion to expunge and seal defendant’s criminal record. We affirm.
Defendant, a City of Miami fire fighter, was arrested for the unlawful purchase of cocaine. At a hearing on the charges, the court offered a plea agreement of credit for time served, no probation, a withholding of adjudication, and payment of court costs in return for a plea of nolo conten-dere to the charges. The defendant accepted. The state, which was represented by an attorney other than the one principally responsible for the case did not object to the plea agreement. During the plea discussion, the judge told the defendant to *411 return in about six weeks at which time he could move to have his record expunged.
Some two weeks later, the cause again came on for hearing. At the hearing, Ms. Reidy, the assistant state attorney principally responsible for the case, was present. She opposed expungement of the record, stating that the reason the state itself had not negotiated a plea with the defendant was because the case was part of a long-term investigation of several narcotics transactions on the part of the defendant. Moreover, counsel for the state opined that it was not proper to conceal from the public the fact that this fire fighter had a drug problem. The judge agreed with the state, explaining that he had originally treated the ease leniently because the defendant had never been arrested before. He stated, however, that he would have taken a different position at the plea hearing if he had known the facts later presented by Ms. Reidy.
Soon thereafter, the defendant filed a motion to expunge and seal his record. Assistant State Attorney Reidy reiterated the state’s opposition to expungement on the ground that it was improper to conceal the record of a public employee who had committed a cocaine purchasing offense. The judge agreed and stated that he would never have offered the plea if he had known that the state objected on the basis of the defendant’s position of public trust. The court then denied the motion to expunge and seal. The defendant now appeals.
A person may seek to have a criminal history record expunged or sealed if that person meets certain statutory requirements contained in section 943.058(2), Florida Statutes (1989). In 1988, the legislature added the following language to section 943.058(2):
This subsection does not confer upon any person who meets the criteria set out in this subsection a right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court. (Emphasis added.)
This amendment was clearly the legislature’s response to judicial decisions which virtually prohibited a- trial court from exercising any discretion to deny expunction if the criteria of section 943.058(2) were met. E.g., Williamson v. State, 510 So.2d 1052 (Fla. 3d DCA 1987). Consequently, the 1988 statutory amendment requires this court to employ an abuse of discretion standard in determining whether the trial judge wrongly denied expunction of the record. Obviously, the words “sole discretion” as used in section 943.058 do not permit arbitrary, capricious or whimsical denial of ex-punction. Instead, this court must decide whether the trial judge used reasonable discretion in denying expunction. See, e.g., Crum v. State, 398 So.2d 810 (Fla.1981); Martinez v. State, 333 So.2d 68 (Fla. 1st DCA), cert. denied, 339 So.2d 1170 (Fla.1976). We find he did and affirm the denial of expunction.
Subsection (6), (a) through (e), of section 943.058 lists the instances where a person who has had a record expunged may not fail to acknowledge the events covered by the expunged record. Specifically, the ex-istencé of a prior expunction cannot be denied when a person seeks employment with the criminal justice system, § 943.058(6)(a), or “in a sensitive position having direct contact with children or the developmentally disabled or the aged.” § 943.058(6)(e). Neither may a person seeking admission to the Florida Bar deny the existence of an expunged criminal record. § 943.058(6)(d). All of the exceptions listed in section 943.058(6) involve situations where the public interest in knowing of a person’s criminal record is at stake. Similarly, the public places its trust in fire fighters who at any given moment may be called to render assistance in a life threatening situation. For the public safety, there is a compelling interest in knowing the character of the public employees who serve the community. This is especially true where, as here, a fire fighter has pled nolo contendere to cocaine charges.
It follows that just as the public has a right to know of any criminal record incurred by a potential public employee, so *412 too it has a right to know of the criminal record of a present employee should the trial judge, in his or her discretion, decide the circumstances of the case warrant the maintenance of the record and the denial of expunction. Cf. Purdy v. Mulkey, 228 So.2d 132 (Fla. 3d DCA 1969) (in cases seeking expungement of criminal records, courts must balance the interests between the individual seeking expungement and those of the public to make and retain such records), writ discharged, 234 So.2d 108 (Fla.1970). Accordingly, it is within the trial court’s discretion to find that the public has just as much right to know of the criminal records of existing public employees as it does to know of the criminal records of those seeking a position of public employment or trust.
Therefore, we find that the trial court reasonably exercised the discretionary power granted it by section 943.058 in denying the motion to expunge.
Affirmed.