PER CURIAM.
A 1988 amendment to section 943.058, Florida Statutes, overruled Canter v. State, 448 So.2d 64 (Fla. 3d DCA1984), where we held that following the State’s dismissal of criminal charges, the accused has a substantive right to have court records of the charges closed to public inspection. It is now provided in section 943.058(2)(d):
This subsection does not confer upon any person who meets the criteria set out in this subsection a right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court.
In denying the motion to seal or expunge, the court considered the following facts: (1) the appellant was a law-enforcement officer when the offense was allegedly committed; (2) the lewd and lascivious acts were committed against a child under the age of eighteen; (3) the prosecution was dismissed because it was deemed to be *106 in the child s best emotional interest that she not be subjected to the rigors of a trial; and (4) the court was of the view that the appellant should not be employed as a public servant, especially in law enforcement, which was assured if his criminal record remained open to examination.
It is not shown by the record that the court abused its discretion in denying the motion to seal or expunge.
Affirmed.