MICKLE, Judge.
The State of Florida has filed a petition for writ of common-law certiorari seeking relief from the trial court’s judgment holding the Florida Department of Law Enforcement (FDLE) in contempt for failure to obey an order sealing the respondent’s (J.W.) criminal records pursuant to section 943.059, Florida Statutes (Supp.1994). We deny the petition.
On July 5, 1990, J.W. pled nolo contendere to the offense of aggravated battery and was placed on five years of probation with adjudication of guilt withheld. On February 10, 1993, J.W. received notice of the expiration of her term of supervision. On October 20, 1994, J.W. filed a petition to expunge or seal her criminal history records. § 943.059(1), Fla.Stat.; Fla.R.Crim.P. 3.692(a). On November 2, 1994, the trial court determined that J.W. 1) had not previously been adjudicated guilty of a criminal offense, 2) had not been adjudicated guilty of the charges stemming from the criminal activity to which J.W.’s petition pertained, and 3) had not secured a prior sealing of records. The court ordered J.W.’s criminal history records to be sealed.
On December 8, 1994, FDLE filed a Notification of Return of Seal alleging 1) that J.W. had not applied for a certificate of eligibility as required by sections 943.0585 and 943.059, Florida Statutes, and 2) that FDLE lacked J.W.’s fingerprint card, which FDLE deemed essential to a positive confirmation of the existence or non-existence of a criminal history record.
On February 7,1995, J.W.’s counsel filed a motion for contempt noting FDLE’s failure to seal the criminal history records as ordered by the trial court. In its March 29, 1995, judgment of contempt, which followed a motion hearing, the trial court made the undisputed finding that FDLE had knowingly failed to obey the sealing order. Significantly, the court found that FDLE had not pursued other available avenues for relief besides noneompliance with the sealing order:
5. The [FDLE] did not seek clarification of the court’s order, did not seek to set aside the Court’s order, did not seek to vacate the Court’s order, did not seek prohibition, and did not seek review of the Court’s order by appeal, certiorari or collateral attack.
The lower tribunal concluded:
7. Only if an order is entered in a manner concerning which the Court has no jurisdiction may such an order be ignored. The corollary of that rule is that whether an order is totally erroneous or irregular or even unconstitutional, its violation may constitute criminal contempt. Jamason v. State, 455 So.2d 380 (Fla.1984) [, cert, den., 469 U.S. 1100, 105 S.Ct. 768, 83 L.Ed.2d 766 (1985)].
On March 31, 1995, the trial court was advised that FDLE belatedly had sealed the records, reserving the right to challenge the judgment of contempt.
In Jamason v. State, the decision cited by the trial court in its contempt judgment, the attorney representing a man in city police custody had called a circuit judge and claimed denial of access to his client, who was alleged to be illegally restrained. The circuit judge then telephoned officers at the city police department and declared that she was “issuing an oral writ of habeas corpus to bring [the prisoner] before [her] immediately.” Id., 455 So.2d at 381. No dispute exist *31 ed as to the identity of the circuit judge, but the officers refused to comply with her verbal order. By the time a formal writ of habeas corpus was issued, the prisoner had been transferred to a county jail facility. The officers were adjudged guilty of criminal contempt for willful refusal to obey the court’s telephonic order and were fined. The Fourth District Court affirmed, finding that the lower tribunal had subject-matter jurisdiction to issue the verbal order. The Florida Supreme Court agreed, noting:
[O]nly if an order is entered in a matter concerning which the court has no jurisdiction may such an order be safely ignored. The corollary of that rule is that whether an order be totally erroneous or irregular or even unconstitutional, its violation may constitute criminal contempt.... [W]hile the oral order may have been voidable, it was not void and the willful refusal to comply constituted criminal contempt.
Id. The supreme court recognized that law enforcement authorities “must obey the orders of lawful authority the same as everyone else, even though they may disagree with the order.” Id. Pertinent to the case at bar is the supreme court’s observation that the officers “had available the proper means to challenge the order by appearing as directed and challenging the sufficiency and validity of both the habeas corpus petition and the process employed before proceeding to the consideration of the petition on its merits.” Id.
In the instant case, FDLE identified what it considered to be deficiencies in the process whereby J.W. sought to seal or expunge her criminal history records. Florida statutory law provides that the sealing or expunction of records is a matter as to which subject-matter jurisdiction has been vested in the circuit court. §§ 943.0585 & 943.059, Fla. Stat. Like the officers in Jamason, FDLE did not fully avail itself of the opportunity to challenge the order by proper means before the trial court or otherwise. FDLE lacked authority willfully to ignore and to fail to comply with the trial court’s decision. Accordingly, FDLE could not proceed as it did with impunity.
We conclude from the record that FDLE has not demonstrated that the trial court departed from the essential requirements of law in entering the judgment of contempt. For that reason, we deny the petition.
PETITION FOR CERTIORARI DENIED.
JOANOS and VAN NORTWICK, JJ., concur.