691 So.2d 529 (1997)
STATE of Florida and the Florida Department of Law Enforcement, Appellants,
v.
Morella SILVA, Appellee.
No. 95-1447.
District Court of Appeal of Florida, Third District.
April 2, 1997.
*530 Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellants.
H. Scott Fingerhut, Miami, for appellee.
Before NESBITT and COPE, JJ., and BARKDULL, Senior Judge.
COPE, Judge.
The State of Florida and the Florida Department of Law Enforcement appeal an order expunging criminal history records. We affirm in part and reverse in part.
Appellee Morella Silva ("Defendant") was charged with aggravated assault and carrying a concealed weapon. After successfully completing a pretrial diversion program, the charges against her were nolle prossed.
Defendant filed a petition to expunge her criminal records pursuant to Florida Rule of Criminal Procedure 3.692 (1994) and section 943.0585, Florida Statutes (1993). Defendant's petition and affidavit were in the form prescribed by Florida Rule of Criminal Procedure 3.989(a) and (d).
Defendant did not, however, apply to the Florida Department of Law Enforcement (FDLE) for a Certificate of Eligibility for Expunction as required by subsections 943.0585(1) and (2), Florida Statutes. Under Rule 11C-7.006, Florida Administrative Code, the application for Certificate of Eligibility for Expunction must be accompanied by a set of fingerprints which FDLE will use to conduct its criminal history records search.
The trial court entered an order expunging defendant's criminal history records from (a) court records and (b) law enforcement agency records. The order was forwarded to FDLE, among others.
Five weeks after the order was entered, FDLE wrote to the state attorney, advising that the defendant had not applied for the statutorily-required Certificate of Eligibility and had not submitted a fingerprint card so as to allow FDLE to conduct a proper criminal history records search.
FDLE stated that, under authority of paragraph 943.0585(3)(d), Florida Statutes, the agency declined to act on the order to expunge. Paragraph 943.0585(3)(d) provides:
(d) On or after July 1, 1992, the department or any other criminal justice agency is not required to act on an order to expunge entered by a court when such order does not comply with the requirements of this section. Upon receipt of such an order, the department must notify the issuing court, the appropriate state attorney or statewide prosecutor, the petitioner or the petitioner's attorney, and the arresting agency of the reason for noncompliance. The appropriate state attorney or statewide prosecutor shall take action within 60 days to correct the record and petition the court to void the order. A cause of action does not arise against any criminal justice agency for failure to comply with an order to expunge when such order does not comply with the requirements of this section.
(Emphasis added). FDLE requested that the state attorney take action within sixty days to petition the court to void the order. The state attorney did not do so.
After the sixty days expired, defendant moved to hold FDLE in contempt for refusing to expunge defendant's criminal history records. The court rejected FDLE's argument that under paragraph 943.0585(3)(d), Florida Statutes, it did not have to expunge defendant's criminal history records because of defendant's own noncompliance with section 943.0585. The trial court did not hold FDLE in contempt, but entered an order requiring that defendant's criminal history records be expunged. FDLE has appealed.
The Florida Supreme Court has recently decided State v. D.H.W., 686 So.2d 1331 (Fla. *531 1996), which interpreted section 943.059, Florida Statutes (1993), the statute regulating court-ordered sealing of criminal history records. Section 943.059 is substantially identical to section 943.0585, regulating court-ordered expunction of criminal history records. The principles announced in D.H.W. are applicable to a petition to expunge criminal history records under section 943.0585.
The D.H.W. court held that the legislature has "the power to enact substantive laws such as a statute granting the right to sealing or expungement of criminal history records." 686 So.2d at 1334. Thus the conditions set forth in section 943.0585 are valid conditions precedent to obtaining the expungement or sealing of nonjudicial criminal history records. See 686 So.2d at 1334-35. "[W]e do not interfere with the statutory requirement for the FDLE certificate, which we respect as a legislative prerogative." Id. at 1335.
In the present case, therefore, the trial court erred in deciding that Rule 3.692 prevailed over the contrary provisions of section 943.0585, Florida Statutes. See D.H.W., 686 So.2d at 1335 ("Because the sealing order did not meet the requirements of [the statute], the trial court also erred in ordering FDLE to comply with the sealing order.").[1]
The question also arises whether the result should be different in this case because the state attorney failed to "take action within 60 days to correct the record and petition the court to void the [expungement] order." § 943.0585(3)(d). We do not think it makes a difference. The first sentence of paragraph 943.0585(3)(d) states that "[o]n or after July 1, 1992, the department [FDLE] or any other criminal justice agency is not required to act on an order to expunge entered by a court when such order does not comply with the requirements of this section." Id. The legislature clearly intends that obtaining the required Certificate of Eligibility is a condition precedent to obtaining any relief under the statute, and that criminal justice agencies need not act unless the required Certificate has been obtained. The final sentence emphasizes the point by saying that "[a] cause of action does not arise against any criminal justice agency for failure to comply with an order to expunge when such order does not comply with the requirements of this section." Id. The legislative intent is clear that there be no enforcement of an expungement order unless the necessary certificate has been obtained.[2]
The third sentence of paragraph 943.0585(3)(d) states that "[t]he appropriate state attorney or statewide prosecutor shall take action within 60 days to correct the record and petition the court to void the order." Id. The intent was to provide an orderly procedure for calling the defendant's noncompliance to the attention of the court so that the expungement order could be vacated until there was compliance. However, the instruction to file with the court within 60 days is addressed to the state attorney and is, in our view, directory. FDLE and the other criminal justice agencies need not comply with the expungement order until the appropriate certificate has been obtained.
In the present case, the defendant did not comply with the statutory requirement to obtain a Certificate of Eligibility for Expunction. It follows that the order of expungement must be reversed insofar as it orders FDLE and other criminal justice agencies to expunge defendant's criminal history records.
The order under review also directed that defendant's court records be expunged. As stated in D.H.W., "the judiciary has exclusive power and responsibility over court records." 686 So.2d at 1335. A request to expunge criminal history records held by the courts is governed by Rules 3.692 and 3.989, but not section 943.0585, Florida Statutes. 686 So.2d *532 at 1334-35. Since defendant's petition was sufficient under Rules 3.692 and 3.989, there is no infirmity in that part of the order which expunges defendant's court records. The state and FDLE do not challenge that part of the order on this appeal. Consequently, the order is affirmed insofar as it expunges court records.
Affirmed in part, reversed in part, and remanded with directions to limit the expungement order solely to court records.
NOTES
[1] The trial court, of course, did not have the benefit of D.H.W. when it ruled on defendant's petition for expungement.
[2] The First District reached a contrary conclusion in State v. J.W., 664 So.2d 29 (Fla. 1st DCA 1995). We do not think that J.W. survives the Florida Supreme Court's decision in D.H.W. That is so because the court in D.H.W. said, "Because the sealing order did not meet the requirements of section 943.059(2), the trial court also erred in ordering FDLE to comply with the sealing order." 686 So.2d at 1335.