692 So.2d 250 (1997)
Lawrence J. ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2650.
District Court of Appeal of Florida, Third District.
April 23, 1997.
*251 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Holly R. Skolnick and Elliot H. Scherker and Alison Marie Igoe, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Joni Braunstein, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
COPE, Judge.
Lawrence J. Anderson ("Defendant") appeals an order denying his petition to seal his criminal history records. We conclude that the petition should have been granted, and reverse the order under review.
In 1993, defendant pled no contest to charges of grand theft and aggravated stalking in connection with an incident in which he grabbed a former girlfriend's purse and ran away. The purse was recovered and no violence or threat of violence was involved. The trial court withheld adjudication and sentenced defendant to two and one-half years probation together with counseling and restitution.
Defendant had no prior criminal record and was employed in a responsible position. He fully complied with his probation obligations. Defendant's probation was terminated early, after one year and eleven months.
Defendant moved to seal his criminal history records. He obtained the required certificate of eligibility from the Florida Department of Law Enforcement. See § 943.059(2), Fla.Stat. (Supp.1994). The trial court denied the motion and defendant has appealed.

I.
The threshold question is whether the trial court has the discretion to deny a petition to seal criminal history records. For purposes of a petition to seal or expunge, a distinction must be drawn between (a) nonjudicial criminal history records, and (b) court records. The former are subject to legislative control, while the latter are not. See State v. D.H.W., 686 So.2d 1331, 1335 (Fla. 1996); State v. Silva, 691 So.2d 529 (Fla. 3d DCA 1997).

A.
The sealing of nonjudicial criminal history records is controlled by section 943.059, Florida Statutes (Supp.1994).[1] The statute establishes the requirements a defendant must satisfy in order to be eligible to have his or her nonjudicial criminal history records sealed. Id. § 943.059(1). The defendant must obtain a certificate of eligibility for sealing. Id. § 943.059(2).
The statute also specifies: "This section does not confer any right to the sealing of any criminal history record, and any request for sealing a criminal history record may be denied at the sole discretion of the court." Id. § 943.059 (emphasis added). By its terms, therefore, the statute gives the trial court the discretion to deny a petition for sealing, even though the petitioner has satisfied all of the statutory prerequisites.
*252 Although the wording of the statute is clear, a question exists about trial court discretion because of a portion of State v. D.H.W., 686 So.2d at 1335. In discussing section 943.059, the Florida Supreme Court said:
The courts' role regarding nonjudicial criminal history records is to safeguard a citizen's right to strict enforcement of the statute, which provides the right to petition the court for sealing of such records. In respect to nonjudicial records, the State agreed at oral argument that if a citizen complies with the statutory conditions for sealing such records, the citizen is entitled to a court order requiring that the records be sealed. For that reason, we also hold that a citizen who contends that an agency has not issued a certificate of eligibility in accord with section 943.059(2) may petition the court for compliance and have the issue adjudicated. However, we do not interfere with the statutory requirement for the FDLE certificate, which we respect as a legislative prerogative.
686 So.2d at 1335 (emphasis added).
The foregoing discussion in D.H.W. indicates that upon obtaining a certificate of eligibility from the Florida Department of Law Enforcement, a defendant is entitled to have his nonjudicial criminal record sealed. However, it is our view that the quoted language is dictum which is part of the court's discussion of a different issue, namely, the right of a petitioner to require the agency to issue a certificate of eligibility if the petitioner is qualified but the agency refuses to act. The question of whether a trial court has discretion to deny a petition to seal under section 943.059 was not the issue before the court, and the court nowhere addressed the portion of section 943.059 which provides that "any request for sealing a criminal history record may be denied at the sole discretion of the court." § 943.059, Fla.Stat. We conclude that the statute should be interpreted as written, and it explicitly allows the trial court discretion to deny a request for sealing based on the particular circumstances of the case. See generally Gonzalez v. State, 565 So.2d 410, 411 (Fla. 3d DCA 1990) (explaining that the purpose of the 1988 amendment to former section 943.058 was to grant discretion to the trial courts, thus overturning district court of appeal precedent holding that the trial courts were without discretion).[2]

B.
As explained in State v. D.H.W., the sealing of court records is within the exclusive jurisdiction of the judiciary. 686 So.2d at 1335. Section 943.059, Florida Statutes, does not govern a petition to seal court records. The applicant must instead follow Florida Rule of Criminal Procedure 3.692, and file the petition and affidavit set forth in Florida Rule of Criminal Procedure 3.989(a) and (d).
The question of whether the trial court has discretion in ruling on a petition to seal or expunge court records was briefly discussed in Johnson v. State, 336 So.2d 93 (Fla.1976), where the court said, "We ... recognize that from time immemorial courts have exercised their discretion, on their own initiative or upon motion of the parties, to seal their records from public view wherein the ends of justice may be served." Id. at 95; accord D.H.W., 686 So.2d at 1336.
It is our view that once an applicant satisfies the criteria set forth in Rules 3.692 and 3.989(d), the applicant is presumptively entitled to an order to seal or expunge court records. See State v. D.H.W., 686 So.2d at 1336. However, the petition is addressed to the sound discretion of the trial court, and the petition may be denied if there is a good reason for denial based on the facts and circumstances of the individual case. See Johnson v. State, 336 So.2d at 95; State v. Pena, 593 So.2d 282, 284 (Fla. 4th DCA 1992) (en banc).

C.
We certify that we have passed on the following questions of great public importance:

*253 WHETHER THE TRIAL COURT HAS THE DISCRETION TO DENY A PETITION TO SEAL NONJUDICIAL CRIMINAL HISTORY RECORDS AS STATED IN SECTION 943.059, FLORIDA STATUTES (SUPP.1994), WHERE THE DENIAL IS JUSTIFIED BY THE SPECIFIC CIRCUMSTANCES OF THE CASE?
WHETHER THE TRIAL COURT HAS THE DISCRETION TO DENY A PETITION TO SEAL COURT RECORDS FILED PURSUANT TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.692 AND 3.989, WHERE THE DENIAL IS JUSTIFIED BY THE SPECIFIC CIRCUMSTANCES OF THE CASE?

II.
Having concluded that the trial court has the discretion to deny a petition to expunge or seal in a proper case, the next question is whether the petition to seal was properly denied in this case.
Writing in the context of the 1988 predecessor to the present statute, this court said:
[T]he 1988 statutory amendment requires this court to employ an abuse of discretion standard in determining whether the trial judge wrongly denied expunction of the record. Obviously, the words "sole discretion" as used in section 943.058[, Florida Statutes (1989),] do not permit arbitrary, capricious or whimsical denial of expunction. Instead this court must decide whether the trial judge used reasonable discretion in denying expunction.
Gonzalez v. State, 565 So.2d at 411 (citations omitted).[3] The court concluded that one factor which the trial court may consider is whether "the public interest in knowing of a person's criminal record is at stake." Id. In Gonzalez, the defendant was a fire fighter who had pled nolo contendere to the charge of unlawful purchase of cocaine. Id. at 410. The Gonzalez court upheld the denial of the petition to expunge, stating that:
[T]he public places its trust in fire fighters who at any given moment may be called to render assistance in a life threatening situation. For the public safety, there is a compelling interest in knowing the character of the public employees who serve the community. This is especially true where, as here, a fire fighter has pled nolo contendere to cocaine charges.
Id. Similarly, in Hernandez v. State, 603 So.2d 105 (Fla. 3d DCA 1992), this court upheld the denial of a motion to seal or expunge where the defendant, a law enforcement officer, had been charged with committing lewd and lascivious acts against a child under eighteen. Id. at 105-06.
The weighing of the same factors was also discussed by the Florida Supreme Court in D.H.W., where the court said that "the policy of public access to old [court] records must be weighed against the long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty." 686 So.2d at 1336.
In the present case, the trial court's stated reason for denying the petition was that the defendant had already received a break from the criminal justice system because he received a withhold of adjudication and early termination of probation. Under the circumstances of the present case, we do not think that this was a sound reason for denial of the petition to seal. This was a first offense and a nonviolent crime for which withholding adjudication would be the ordinary practice. Because of satisfactory performance of all of his obligations, defendant was switched to nonreporting probation after one and one half years. His satisfactory performance continued, and the trial court decided to terminate supervision at one year and eleven months, which was seven months early. It appears that defendant earned his early termination by performing all of his obligations as directed. Since the early termination was based on defendant's positive performance on probation, that should be a factor operating in favor of the petition to seal, rather than a negative factor.
*254 The State also argued, and reiterates on appeal, its position that the petition to seal was correctly denied because of the seriousness of the charges, more particularly the fact that one of the charges was aggravated stalking. It bears mention that the statute has since been amended to preclude the sealing of criminal history records for the offense of stalking or aggravated stalking. See §§ 943.059, 907.041, Fla.Stat. (1995).[4] At the time the defendant filed his petition to seal, however, defendant was eligible for the requested relief. We agree with the State that the charges are serious, but the exercise of discretion contemplates that the court will make its decision based on consideration of all of the facts and circumstances, rather than deciding the petition solely on the nature of the charge.
We conclude that the order under review must be reversed and the cause remanded with directions to grant the petition.
Reversed and remanded; questions certified.
NOTES
[1] This is the version of the statute which was in effect at the time defendant filed his petition to seal, and accordingly, controls the present appeal. See State v. Greenberg, 564 So.2d 1176, 1177 (Fla. 3d DCA 1990).
[2] This court held in Williamson v. State, 510 So.2d 1052 (Fla. 3d DCA 1987), that "there is no discretion in the trial court to deny a motion to seal where the defendant meets the statutory conditions precedent for sealing." Id. at 1053. As explained by Gonzalez, Williamson does not survive the enactment of the 1988 statutory amendment. See Gonzalez, 565 So.2d at 411.
[3] The Gonzalez decision discussed the abuse of discretion standard in the context of a petition to seal or expunge under the statute. The same principles would apply in deciding whether to grant a petition to seal or expunge under Rules 3.692 and 3.989.
[4] As amended effective July 1, 1995, section 943.059 was amended to state, "A criminal history record that relates to ... a violation enumerated in s. 907.041 may not be sealed, without regard to whether adjudication was withheld, if the defendant was found guilty of or pled guilty or nolo contendere to the offense...." Id.; ch. 95-427, §§ 4, 8, Laws of Fla. Effective July 1, 1995, section 907.041, Florida Statutes, was amended to add stalking and aggravated stalking to its "dangerous crime" list. Ch. 95-195, §§ 12, 23, Laws of Fla.