FULMER, Acting Chief Judge.
The State appeals an order sealing A.B.M.’s nonjudicial criminal history records in Case No. 95-863, arguing that the trial court did not have authority to seal those records because A.B.M. had not obtained a certificate of eligibility from the Florida Department of Law Enforcement (FDLE). We agree and, accordingly, reverse that portion of the order sealing the nonjudicial records in that case. We otherwise affirm.
In 1995, A.B.M. pleaded nolo contendere to the charges in Case No. 95-863 and to charges filed earlier in Case No. 94-14009. The trial court withheld adjudication on all charges and sentenced A.B.M. to four years of probation on each offense, all sentences to run concurrently.
A.B.M. subsequently filed a verified petition to seal criminal records requesting that the records pertaining to Case No. 94-14009 be sealed pursuant to section 943.059, Florida Statutes (1997). A.B.M. had received a certificate of eligibility from FDLE for the sealing of the records in that case. The trial court held a hearing on the petition, at which time A.B.M. requested that the records in Case No. 95-863 also be sealed despite the fact that no certificate of eligibility had been issued for that case. The trial court, over the State’s objection, ultimately entered an order sealing the judicial and nonjudicial criminal records in both cases.
On appeal, the State concedes that the trial court had the discretion to seal the court records and nonjudicial criminal history records pertinent to A.B.M.’s arrest and charges in Case No. 94-14009. See § 943.059, Fla. Stat. (1997); State v. D.H.W., 686 So.2d 1331 (Fla.1996). And, the trial court also had the discretion to seal the court records in Case No 95-863. See D.H.W. The State argues, however, that the trial court erred in sealing the nonjudicial criminal history records in Case No. 95-863 because A.B.M. had failed to obtain a certificate of eligibility from FDLE as required by section 943.059. We agree.
In D.H.W., the Florida Supreme Court acknowledged that the requirement of obtaining a certificate of eligibility from FDLE for sealing nonjudicial criminal history records is a legislative prerogative. Thus, this requirement is a valid condition precedent to obtaining an order sealing such records. See State v. Silva, 691 So.2d 529 (Fla. 3d DCA 1997). The trial court, therefore, erred in sealing the nonjudicial criminal history records relevant to Case No. 95-863 because A.B.M. did not satisfy this condition.
A.B.M. argues that the trial court had the discretion, pursuant to section 943.059, *820 to order the sealing of nonjudicial records in that case. She relies on the language in the statute which provides: “The court may, at its sole discretion, order the sealing of a criminal history record pertaining to more than one arrest if the additional arrests directly relate to the original arrest.” We do not agree that the “additional arrests” in Case No. 95-863 fall within the meaning of that language.
We construe that sentence in section 943.059 to apply to additional arrests or charges that stem from one criminal activity or episode where the additional offenses are temporally related or there is some nexus between the offenses. While A.B.M. contends that she committed the offenses because of the same underlying problem, that is, her drug dependency due to an injury and resulting pain intolerance, the offenses were otherwise unrelated. They occurred several months apart and there was no evidence that the offenses in Case No. 95-863 were connected to her conduct which led to the arrest in the prior case. Consequently, the trial court was not authorized by section 943.089 to seal the nonjudicial criminal history records in Case No. 95-863.
Affirmed in part; reversed in part.
WHATLEY and DAVIS, JJ., Concur.