764 So.2d 693 (2000)
Thomas J. DINKINS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2766.
District Court of Appeal of Florida, First District.
June 8, 2000.
Barry W. Beroset and Ross A. Keen of Beroset & Keene, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant challenges the denial of his petition to seal criminal history records brought under the provisions of section 943.059, Florida Statutes (1997). The record reveals that appellant was arrested twice in 1993 and charged with a total of twenty-three different offenses that occurred over twenty-one days. Appellant's record is otherwise clean, and he obtained from the Florida Department of Law Enforcement a certificate of eligibility for record expungement. Upon consideration of the petition, the trial court noted that appellant had been involved in multiple incidents over multiple days and concluded that it lacked jurisdiction to consider the petition.
The pertinent portion of section 943.059 provides:
The court may only order sealing of a criminal history record pertaining to one arrest or one incident of alleged criminal activity, except as provided in this section. The court may, at its sole discretion, order the sealing of a criminal history record pertaining to more than one arrest if the additional arrests directly relate to the original arrest. If the court intends to order the sealing of records pertaining to such additional arrests, such intent must be specified in the order. A criminal justice agency may not seal any record pertaining to such additional arrests if the order to seal does not articulate the intention of the court to seal records pertaining to more than one arrest.
In our view, the statute does not contain a blanket prohibition against record expungement where a defendant has committed multiple criminal acts. The statute uses the phrase "any of the acts stemming from the arrest or alleged criminal activity," suggesting that the Legislature contemplated multiple criminal acts. The statute also speaks to "additional arrests directly [related] to the original arrest." Accordingly, the fact of multiple arrests does not foreclose a record expungement.
The Second District has interpreted the "additional arrests" language of the statute:
We construe that sentence in section 943.059 to apply to additional arrests or charges that stem from one criminal activity or episode where the additional offenses are temporally related or there is some nexus between the offenses.
State v. A.B.M., 742 So.2d 818, 820 (Fla. 2d DCA 1999). In A.B.M., the offenses occurred several months apart, and there was no evidence that the offenses in one *694 case were connected to the offenses in the other case before the court. See id. at 820. Accordingly, the appellate court found that the trial court was not authorized by the statute to seal the criminal history records. See id.
It is likely that twenty-one days would be at the outside limits for temporally related offenses. Nevertheless, in the present case, the trial court should initially determine whether the additional arrests and charges meet or fail to meet the standard adopted in A.B.M.
VACATED and REMANDED for further proceedings.
JOANOS and ALLEN, JJ., CONCUR.