POLSTON, J.
Appellee was arrested on July 8, 1993 for burglary of a structure and possession of burglary tools. He was later arrested again and charged with numerous other criminal acts which he had committed between the dates of June 24, 1993 and July 8, 1993. On August 24, 1993, Appellee was charged, by eleven separate informations, with various charges arising from both arrests. On October 4, 1993, two more informations were filed relating to these arrests. Appellee entered into a plea agreement with the State on December 14, 1993, pleading nolo contendere to the charges in the informations.
In 1998, Appellee filed a petition to seal his criminal history records pursuant to section 943.059, Florida Statutes (1997). The trial court erroneously construed the statute as prohibiting the sealing of records when the defendant has committed multiple criminal acts. The applicable sentence within section 943.059 states: “The court may, at its sole discretion, order the sealing of a criminal history record pertaining to more than one arrest if the additional arrests directly relate to the original arrest.”
This court reversed, stating that the trial court should determine whether the Ap-pellee’s additional arrests and charges meet or fail to meet the standard adopted in State v. A.B.M., 742 So.2d 818, 820 (Fla. 2d DCA 1999) (“We construe that sentence in section 943.059 [quoted above] to apply to additional arrests or charges that stem from one criminal activity or episode where the additional offenses are temporally related or there is some nexus between the offenses.”). Dinkins v. State, 764 So.2d 693 (Fla. 1st DCA 2000).
The trial court, on remand, interpreted the phrase “one criminal activity or episode” in A.B.M. to mean those offenses that are temporally related or there is some nexus between the offenses. The trial court granted Appellee’s petition, finding that his offenses were nonviolent, property offenses committed by one or more of five juvenile or youthful offenders within a fifteen day period, and that the multiple arrests resulted from the same activity.
The State argues that under the trial court’s interpretation of A.B.M., as long as the arrests are for multiple offenses which are temporally related and share some nexus, then the offender may have all of the criminal history records sealed regard *738 less of whether the offenses constitute a single activity or episode. The more correct interpretation of A.B.M., according to the State, is that the offenses must stem from one activity or episode, and in addition, the crimes must be temporally related or have a nexus between them. We agree, and therefore reverse.
Whether two or more offenses constitute a single episode has arisen in determining whether two or more offenses may be charged in the same information.[1] Construing Fla. R.Crim. P. 3.150(a), relating to joinder of offenses, the Florida Supreme Court ruled that the “connected acts or transactions” requirement within the rule means that:
the acts joined for trial must be considered in an episodic sense. The rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are “connected” only by similar circumstances and the accused’s alleged guilt in both or all instances. Courts may consider the temporal and geographical association, the nature of the crimes, and the manner in which they were committed.
Garcia v. State, 568 So.2d 896, 899 (Fla.1990) (citations omitted; collecting cases where joinder was appropriate). The Court ruled that various offenses should not have been joined even though they were similar and allegedly committed by the same two people. The offenses involved different victims, different dates over a three month period, and different places.
Similarly, in Wright v. State, 586 So.2d 1024, 1030 (Fla.1991), the Court ruled that even though the same person was accused of all the crimes, there were different offenses, different victims, different times and dates, different places, and different circumstances. Accordingly, the Court concluded that the trial court erred by not severing various offenses. Id.
In Ellis v. State, 622 So.2d 991, 1000 (Fla.1993), the Court stated the rules for joinder:
First, for joinder to be appropriate the crimes in question must be linked in some significant way. This can include the fact that they occurred during a “spree” interrupted by no significant period of respite, or the fact that one crime is causally related to the other, even though there may have been a significant lapse of time. But the mere fact of a general temporal and geographical proximity is not sufficient in itself to justify joinder except to the extent that it helps prove a proper and significant link between the crimes, (citations omitted).
Even though the alleged crimes by Ellis were similar, they were not a spree as was the case in Bundy[2] because each crime was interrupted by a significant period of respite. Id. Therefore, the Court held that the trial court erred in joinder. Id.
In this case, there were at least nine distinct victims, and the crimes were com *739 mitted in at least three different areas of Pensacola. Appellee was not on a spree because there were significant periods of respite (three days after the first crime, over a week after the second night of crime, and a day after the third night of crime). As in Garcia, Wright, and Ellis, although the offenses were similar and committed by the same people, the other factors indicate that Appellee’s charges did not stem from one criminal episode. Accordingly, we reverse and remand with directions to deny the petition.
WEBSTER and BROWNING, JJ., concur.

. Courts have also determined whether there has been a single criminal episode when deciding if they have authority to sentence a defendant as a habitual offender and to serve sentences consecutively. See Mitchell v. State, 678 So.2d 1362, 1364 (Fla. 1st DCA 1996)(to determine whether there was a single episode, the court reviewed whether the offenses were directed at different victims, the nature and manner of commission of the acts, and the timing and location of the offenses).

. The Court described the events by Bundy as connected and constituting a single uninterrupted episode. See discussion at Ellis, 622 So.2d at 999, citing Bundy v. State, 455 So.2d 330 (Fla.1984), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986).