845 So.2d 1016 (2003)
Beatrice GODOY and Jorge L. Godoy, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 3D02-3047, 3D02-3049.
District Court of Appeal of Florida, Third District.
May 28, 2003.
George J. Vila, for appellants.
Charles J. Crist, Jr., Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and FLETCHER, J. and NESBITT, Senior Judge.
*1017 FLETCHER, Judge.
Beatrice Godoy and Jorge L. Godoy entered pleas of nolo contendere to an information charging them with voting fraud,[1] and received a sentence of one year of probation, adjudication withheld. They now seek to have the records sealed under section 943.059, Florida Statutes (2002).[2] The trial court denied their petition. Specifically the trial court stated:
"This type of crime goes to part of [the] Constitution[al] system, therefore, at this time I will use my discretion and deny your motion to seal."
Supp. Record at 9.
Unfortunately, the trial judge (who had not previously been familiar with the case) did not properly exercise the discretion reserved to him by section 943.059. As set forth in Anderson v. State, 692 So.2d 250, 254 (Fla. 3d DCA 1997):
"[T]he exercise of discretion [under section 943.059] contemplates that the court will make its decision based on consideration of all the facts and circumstances, rather than deciding the petition solely on the nature of the charge."
It is clear from the trial court's ruling that only the nature of the charge was considered by it.
As a consequence we reverse the denial of the Godoys' petition and remand the cause with instructions to the trial court to exercise its discretion in accordance with the injunction of Anderson; that is, to render its discretionary decision based on all of the facts and circumstances, not solely on the nature of the charge.
Reversed and remanded.
NOTES
[1] Casting votes from addresses where they did not reside, and with knowledge that they were not qualified electors, contrary to what they swore to on absentee ballots (in the 1997 City of Miami elections).
[2] Section 943.059 prohibits the sealing of the records of a number of offenses, but also provides for the exercise of judicial discretion in relation to other offenses. In pertinent part it states:

"This section does not confer any right to the sealing of any criminal history record and any request for sealing a criminal history record may be denied at the sole discretion of the court."