941 So.2d 549 (2006)
Gerald Kenneth COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3071.
District Court of Appeal of Florida, First District.
November 15, 2006.
*550 Dale C. Carson, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
The appellant challenges an order denying his petition to seal criminal records. He claims the trial court abused its discretion by denying his petition to seal. We agree and hold that the trial court abused its discretion by denying the appellant's petition to seal without hearing evidence on the issue or providing a reason based on the facts and circumstances for its denial.
The appellant was charged with lewd or lascivious molestation. Following a jury trial, he was acquitted of the charge. The appellant petitioned the court to have his record sealed pursuant to section 943.059, Florida Statutes (2005). The court held a hearing on the appellant's petition. The appellant asserts, and the State concedes, that no evidence was introduced at the hearing. Furthermore, the trial court's order did not state any factual basis for denying the appellant's petition. The order provided:
The court having heard arguments of the State Attorney and of counsel for defense, and being fully advised in the premises, it is thereupon ordered and adjudged that the aforesaid motion shall be and the same is hereby denied. Done and ordered in open court at Jacksonville, Duval County, Florida, this 25th Day of May 2005.
As evidenced by the order above and the State's concession, the trial court did not exercise its discretion based upon factors other than the offense for which the appellant was acquitted pursuant to section 943.059, Florida Statutes. Godoy v. State, 845 So.2d 1016, 1017 (Fla. 3d DCA 2003) ("the exercise of discretion contemplates that the court will make its decision based on consideration of all the facts and circumstances, rather than deciding the petition solely on the nature of the charge") (citing Anderson v. State, 692 So.2d 250, 254 (Fla. 3d DCA 1997)) (holding that the petition was not properly denied where the trial court's stated reason for denying the petition was that the defendant was afforded a break in the criminal justice system because he received a withhold of adjudication and early termination of probation). See also State v. D.H.W., 686 So.2d 1331, 1336 (Fla.1996) (holding that, in reviewing the petition, the court is to weigh the policy of public access to records against the long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty); Johnson v. State, 336 So.2d 93, 95 (Fla. 1976) (finding a petition may be denied by *551 the trial court only if there is a good reason based on the facts and circumstances of the individual case); Oymayan v. State, 765 So.2d 812, 814 (Fla. 1st DCA 2000) (concluding the sole fact that the defendant committed a series of criminal acts rather than an isolated, single incident is an insufficient reason to preclude expungement of the records).
Without adducing evidence at the hearing or stating any reason for denying the appellant's request in its order, it appears the trial court had no factual basis to support the denial of the appellant's request to seal his records. Therefore, the trial court abused its discretion by not basing its decision on the facts and circumstances of the appellant's case. Accordingly, we remand the case to the trial court with instructions to either grant the appellant's petition or provide the reason, based on all the facts and circumstances, for denying the petition.
REVERSED AND REMANDED.
PADOVANO and THOMAS, JJ., concur.