EVANDER, J.
 

 Cline appeals from an order dismissing his petition to seal court records.
 
 [1]
 
 Be
 
 *328
 
 cause Cline had previously received an order sealing judicial records in a separate and unrelated criminal case, we affirm.
 

 In June 2005, Cline was arrested for possession of cocaine. He pled to the offense and adjudication of guilt was withheld. In June 2004, Cline was arrested for possession of methamphetamine. The State ultimately
 
 not prossed
 
 the case when Cline entered his plea to the aforesaid cocaine charge. Although resolved at the same time, the two cases were unrelated— involving separate and distinct alleged criminal activity, arrest dates, informa-tions, and court files. In 2008, Cline requested and obtained an order sealing the court record in the cocaine case. He subsequently filed the petition in the instant case seeking to seal the court record in the methamphetamine case.
 

 In his petition, Cline averred that the consequences of keeping the court records public would cause embarrassment and humiliation to him and his family, and would negatively impact his career. On appeal, Cline contends that, notwithstanding the fact that he had previously obtained an order sealing judicial records in an unrelated criminal case, the trial court was still obligated to consider his petition “on the merits.” Cline cites to
 
 Johnson v. State,
 
 336 So.2d 93 (Fla.1976) for the proposition that courts have the inherent authority to control their own files. While we agree with this general proposition,
 
 Johnson
 
 is only the beginning of our analysis.
 

 For purposes of a petition to seal, a distinction must be made between (a) nonjudicial criminal history records, and (b) court records. The sealing of nonjudicial criminal history records, is controlled by section 943.059, Florida Statutes. That statute establishes the requirements that a petitioner must satisfy in order to have his or her nonjudicial criminal history records sealed.
 
 [2]
 

 Anderson v. State,
 
 692 So.2d 250, 251 (Fla. 3d DCA 1997). However, as held in
 
 Johnson,
 
 the procedure to be utilized for the sealing of court records is within the exclusive jurisdiction of the judiciary.
 

 In
 
 Johnson,
 
 the supreme court determined that the Legislature’s attempt to regulate the procedure by which courts consider requests to seal court records to be an unconstitutional encroachment on a judicial function. Subsequently, the supreme court exercised its authority to regulate the procedure by adopting Florida Rules of Criminal Procedure 3.692
 
 [3]
 
 and 3.989.
 
 [4]
 
 Accordingly, to obtain the sealing of a court record in a criminal case, an applicant must comply with these two rules. “The court need only ensure that a petitioner has complied with rule 3.692 (providing requirements for a petition to seal judicial records) and rule 3.989 (providing a form for the affidavit, petition, and order to seal judicial records).”
 
 State v. D.H.W.,
 
 686 So.2d 1331, 1336 (Fla.1996).
 

 Pursuant to Rule 3.692, a petition to seal records shall,
 
 inter alia,
 
 state the grounds
 
 *329
 
 upon which it is based, identify the official records to which it is directed, and be supported by an affidavit of the party seeking relief. Rule 3.989 contains forms to be used for the petition, affidavit, and order in which the sealing of nonjudicial criminal history records and/or court records is sought. Each of these forms contains language setting forth that the petitioner must not have previously secured an order sealing records:
 

 PETITION TO EXPUNGE OR SEAL
 

 [[Image here]]
 

 The petitioner has not secured a prior records ... sealing under section ... 943.059, Florida Statutes ... or any other law, rule, or authority.
 

 Fla. R.Crim. P. 3.989(d).
 

 AFFIDAVIT
 

 * * *
 

 I have never secured a prior records ... sealing under any law.
 

 Fla. R.Crim. P. 3.989(a).
 

 ORDER TO SEAL RECORDS UNDER SECTION 943.059, FLORIDA STATUTES, AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692
 

 [[Image here]]
 

 The petitioner has not secured a prior records ... sealing.
 

 Fla. R.Crim. P. 3.989(c).
 

 Cline suggests that Rules 3.692 and 3.989 do not place any limits on a court’s “inherent authority” to control its records, but only regulate the procedure and types of forms to be utilized. While acknowledging the trial court’s discretion to deny a petition, Cline is, in essence, arguing that there are no rules restricting the trial court’s authority to seal a judicial record. The acceptance of Cline’s argument would mean that trial courts would be required to hold an evidentiary hearing on virtually every petition to seal court records, regardless of 1) the nature and severity of the underlying charged offense(s), 2) the number of prior arrests and/or offenses, 3) the number of prior adjudications, and 4) the number of prior sealings. We reject Cline’s argument.
 
 [5]
 
 We believe the adoption of Rules 3.692 and 3.989 reflect the supreme court’s intent to limit the circumstances in which a party can request the sealing of a record so as to appropriately balance the policy of public access to court records against the competing policy of providing a second chance to criminal defendants.
 
 See D.H.W.,
 
 686 So.2d at 1336;
 
 Anderson,
 
 692 So.2d at 253.
 

 AFFIRMED.
 

 TORPY and COHEN, JJ„ concur.
 

 [1]
 

 . Although the order of dismissal purported to be "without prejudice,” we conclude that the intent and effect of the order was to bring to an end the judicial labor below. Accordingly, we have jurisdiction.
 
 See, e.g., Carlton v. Wal-Mart Stores, Inc.,
 
 621 So.2d 451 (Fla. 1st DCA 1993) (dismissal without prejudice was “final” for purposes of appeal where
 
 *328
 
 intent of order was to bring to end judicial labor in action and order clearly had that effect).
 

 [2]
 

 . Cline acknowledged that he would not be entitled to have his nonjudicial criminal history records sealed because of the prior sealing order.
 

 [3]
 

 . The initial version of Rule 3.692 was adopted shortly after the
 
 Johnson
 
 decision.
 
 See The Fla. Bar re Fla. Rules of Crim. Pro.,
 
 343 So.2d 1247 (Fla.1977). The current version was adopted in 2000.
 
 See Amends, to the Fla. Rules of Crim. Pro.,
 
 794 So.2d 457 (Fla.2000).
 

 [4]
 

 . The initial version of Rule 3.989 was adopted in 1984.
 
 See The Fla. Bar re: Amend. to Rules of Crim. Pro., 462
 
 So.2d 386 (Fla.1984). The current version was adopted in 2000.
 
 See Amends, to the Fla. Rules of Crim. Pro.,
 
 794 So.2d 457 (Fla.2000).
 

 [5]
 

 . We recognize that in
 
 State v. A.B.M.,
 
 742 So.2d 818 (Fla. 2d DCA 1999), our sister court suggested that a trial court had the discretion to seal judicial records even where the petitioner had successfully obtained a sealing order in an unrelated criminal case. However, it is unclear from the opinion whether that language was part of the court’s holding or was
 
 dicta.