PER CURIAM.
The State of Florida appeals an order granting appellee’s petition to seal his criminal record stemming from two arrests. Pursuant to section 943.059, Florida Statutes (2011), “[t]he court may, at its sole discretion, order the sealing of a criminal history record pertaining to more than one arrest if the additional arrests directly relate to the original arrest.” In State v. A.B.M., 742 So.2d 818, 820 (Fla. 2d DCA 1999), the Second District construed this statutory language “to apply to additional arrests or charges that stem from one criminal activity or episode where the additional offenses are temporally related or there is some nexus between the offenses.” In State v. Dinkins, 794 So.2d 736, 738 (Fla. 1st DCA 2001), the First District agreed that “the offenses must stem from one activity or episode, and in addition, the crimes must be temporally related or have a nexus between them.”
In the instant case, the trial court erred in finding the nexus element satisfied. The trial court improperly relied on the unsworn statements of appellee’s counsel, see State v. Silver, 723 So.2d 381, 382-83 (Fla. 4th DCA 1998), and, even if appel-lee’s counsel’s statements were true, they still would not have satisfied the nexus element. Additionally, the offenses did not stem from one criminal activity or episode and were not temporally related. Because the offenses were not “directly relate[d],” we reverse and remand with directions to deny the petition.

Reversed and remanded.

MAY, GERBER and LEVINE, JJ„ concur.