DAUKSCH, Judge.
Appellant sought to expunge the record of his arrest and conviction of manslaughter under Florida Rules of Criminal Procedure 3.692. He alleged and proved he was tried and convicted of manslaughter and after a successful appeal of his conviction the State declined to retry him and entered its nolle prosequi. The statute of limitations for his retrial has run.
At the hearing on his motion to expunge the appellant presented his affidavit that he had never been convicted of a criminal offense or a municipal ordinance violation and was released of the “instant charges” without having been adjudicated guilty, all in accordance with Section 901.33, Florida Statutes. The State neither traversed nor demurred to the motion of the appellant and did not present any evidence at the hearing to refute appellant’s sufficient allegations and proof but merely objected to the expungement.
The trial court refused to order the expungement of the record for the reason he read in the pre-sentence report, which was obtained after the original conviction, that appellant had been convicted of some traffic violations. Had these convictions been properly pleaded and proved by the state then they would have constituted a sufficient bar to the appellant’s requested expungement. They were not pleaded and were not properly proved. They were not properly proved because the records of the conviction were not furnished but merely a hearsay statement of a non-attending witness with no right to cross examination afforded. Of course had these convictions been properly pleaded and proved and had the affidavit of the appellant been shown to be perjurious a much more serious result might have occurred.
The order denying the motion for ex-pungement is reversed and this matter remanded for entry of an order in accordance herewith.
REVERSED AND REMANDED.
BASKIN, NATALIE, Associate Judge, concurs.
ANSTEAD, J., dissents with opinion.