533 So.2d 315 (1988)
Byron CLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-12.
District Court of Appeal of Florida, Fifth District.
November 10, 1988.
*316 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This appeal poses the following question: When imposition of sentence upon a defendant has been stayed and withheld, and the defendant placed on probation or community control as permitted by section 948.01(3), Florida Statutes, is the defendant a "convicted person" within the meaning of section 939.01(1), Florida Statute, which provides that the "costs of prosecution ... shall be included and entered in the judgment rendered against the convicted person"?
Notwithstanding that for some limited purposes (i.e., for the purposes of sentencing under the guidelines, under Florida Rule of Criminal Procedure 3.701.d.2.[1]) conviction means a determination of guilt, whether or not adjudication was withheld, the defendant is not adjudicated guilty and no judgment of conviction is entered against the defendant when the imposition of sentence is stayed and withheld and the defendant is placed on probation or community control under section 948.01(3), Florida Statutes. That being true, no costs of prosecution can be included and entered in the judgment against such person because no judgment is rendered and the defendant is not a "convicted person" within the statute.
However, this appeal poses a further relevant question: Does the sentencing court have the discretion under section 948.03(7), Florida Statutes, to require the defendant to pay the costs of prosecution as a term or condition of probation? The only statutory limit provided in section 948.03(7), Florida Statutes, is that if the court withholds adjudication of guilt, any period of incarceration imposed as a condition of probation or community control cannot exceed 364 days in certain facilities.
Under section 948.011, Florida Statutes, a court may withhold an adjudication of guilt and place a defendant on probation and still, in its discretion, impose a fine. If a trial court can, in its discretion, impose a fine when adjudication is withheld, under section 948.03(7), Florida Statutes, it should be able to require the payment of costs of prosecution as a condition of probation in the absence of some statutory or constitutional prohibition.[2] The payment of the costs of prosecution, like the payment of a fine, can have a rehabilitative effect on the defendant and such costs arise from the commission of an offense and are therefore reasonably related to it.
*317 Accordingly, the imposition of costs of prosecution as a condition of probation, even when the court withholds adjudication of guilt, is valid under section 948.03(7), Florida Statutes, although not mandated under section 939.01(1), Florida Statutes.
The order imposing costs of prosecution as a condition of probation is
AFFIRMED.
COBB and DANIEL, JJ., concur.
NOTES
[1] See Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987).
[2] See State v. Byrd, 378 So.2d 1231 (Fla. 1979).