PETERSON, Judge.
Aurelian Smith, Jr., appeals the denial of his motion for new trial, alleging that he received ineffective assistance of counsel. The trial court heard testimony on the allegations of ineffective assistance and found that defense counsel’s conduct “was measurably below the standard of conduct this court has become accustomed to from attorneys who normally appear before it.” The trial court also found that defense counsel’s errors identified by expert witnesses were not likely to have affected the outcome of the trial. We disagree, vacate the judgment and sentence, and remand for a new trial.
Neither the defendant’s nor the alleged victim’s version of the physical altercation that took place at night on the side of a road could be corroborated because of the absence of witnesses at the scene. It appears to us that at least two of the many errors of defense counsel tipped the scale for the jury in favor of the alleged victim’s version.
First, defense counsel properly began cross-examining the victim regard *907 ing the victim’s civil suit against the defendant to show motive and reason to deviate from the truth about who began the altercation. The trial court erred in sustaining the state’s objection to the line of questioning. Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985), rev. denied, 475 So.2d 696 (Fla.1985). The state then requested a cautionary instruction, and defense counsel agreed to it. Defense counsel further apologized for raising the issue of the civil suit, indicating that he did not mean to bring error into the proceedings.
Second, defense counsel ineptly asked a police officer to repeat the victim’s statements which initiated the case.
Since the trial court previously heard the testimony on the issue of ineffectiveness of trial counsel, a review of this issue is allowable on direct appeal. State v. Barber, 301 So.2d 7 (Fla.1974); Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984); Pinder v. State, 421 So.2d 778 (Fla. 5th DCA 1982). A defendant is entitled to a new trial when the conduct of defense counsel produces an outcome which cannot be relied upon as fair. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see State v. District Court of Appeal of Fla. First Dist., 569 So.2d 439 (Fla.1990) (Ineffective assistance of either publicly-appointed or privately-retained counsel is grounds for collateral relief.).
Defense counsel did perform well on one issue; he made an objection to the hearsay testimony by the victim’s roommate that gave an account of the victim’s description of the altercation. The description was heard by the roommate during a conversation in their apartment, possibly as much as an hour after the altercation. The hour was in excess of any time allowable as an “excited utterance” exception to the hearsay rule. State v. Jano, 524 So.2d 660 (Fla.1988); § 90.803(2), Fla.Stat.(1987). The court erred in allowing the testimony.
Judgment and sentence VACATED; REMANDED.
W. SHARP, J., concurs.
COWART, J., dissents with opinion.