614 So.2d 525 (1993)
Aurelian SMITH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-738.
District Court of Appeal of Florida, Fifth District.
January 8, 1993.
On Motion for Rehearing March 12, 1993.
Horace Smith, Jr., of Monaco, Smith, Hood, Perkins, Loucks & Stout, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant was originally charged with the felony of aggravated battery, *526 tried by jury, convicted of that offense, and sentenced by the presiding judge, Judge Graziano, to serve ten years on probation, pay a fine to the clerk under section 960.20, Florida Statutes, and make restitution to the battered victim.[1] This court reversed that conviction.[2]
Upon remand, the defendant negotiated a plea with the State Attorney's office under which adjudication of guilt was withheld, and the defendant received credit for probation already served, was discharged from any further probation and paid $2,500 to the State Attorney's Office,[3] and $25 as costs. The negotiated judgment and sentence was signed by a judge other than Judge Graziano.
Thereafter, on December 11, 1991, the defendant petitioned the court under, and expressly citing, Florida Rule of Criminal Procedure 3.692 and section 943.058, Florida Statutes, to seal all criminal history records relating to his arrest in Orlando on the aggravated battery charge.
The statute, section 943.058(2), Florida Statutes, provides in relevant part:
(2) ... The courts may order the sealing or expunction of any other criminal history record, provided:
(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
(c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33 for at least 10 years; ...
The petition to seal alleges in its entirety three paragraphs as follows:
1. That on May 8, 1989, Defendant, a white male, whose date of birth was May 30, 1945, was arrested by the Orlando Police Department, and charged with Aggravated Battery.
2. That Defendant has not been adjudicated guilty of any of the charges stemming from this arrest or alleged criminal activity.
3. That Defendant has not secured a prior records expunction or sealing under this Section, former Section 893.14 or former Section 901.33.
It can be rather readily observed that paragraph 2 of the petition carefully tracks the substance of subparagraph (2)(b) of the statute; paragraph 3 of the petition carefully tracks the substance of subparagraph (2)(c) of the statute but paragraph 1 of the petition just as carefully avoids and fails to allege the substance of subparagraph (2)(a) of the statute.
While section 943.058, Florida Statutes, confines itself to substance, Florida Rule of Criminal Procedure 3.692 provides procedural requirements for petitions to seal under the statute. That rule provides in part:
All relief sought by means of section 943.058, Florida Statutes (1981), shall be by petition in writing, filed with the clerk. Such petition shall state the grounds[4] upon which it is based and the *527 official records to which it is directed and shall be supported by an affidavit of the party seeking relief which affidavit shall state with particularity the statutory grounds and the facts in support of such motion. A copy of the petition and affidavit shall be served upon the prosecuting attorney and upon the arresting authority. Notice and hearing shall be as provided in Rule 3.590(c). [Emphasis added.]
The record on appeal contains no affidavit in support of the petition to seal.
Ignoring for a moment these fatal deficiencies in the petition, the record on appeal shows no request for any evidentiary hearing. On February 28, 1992, Judge Graziano stated that having considered the petition to seal and being otherwise more fully advised in the premises,[5] and being aware that it was within the discretion of the court to deny the petition, the petition was denied. In substance, the defendant's position is that if a petition to seal alleges the statutory[6] prerequisites, then the petitioner is entitled to the order to seal as a matter of right.
The defendant's position is contrary to the intent of section 943.058, which, after recognizing that the courts have jurisdiction over sealing judicial records, goes further and provides that the courts "may [not shall] order the sealing or expunction of any other criminal history record, [such as arrest records] provided ..." the three prerequisite conditions, enumerated above, are met. To the contrary, the statute provides:
This subsection does not confer upon any person who meets the criteria set out in this subsection a right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court.
Rule 3.590(c), governing hearings, which was written to relate to motions for new trial and in arrest of judgment, provides that:
Such motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties, or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
The record on appeal shows that during a period of two and one-half months between the time the petition to seal was filed and the action on it by the trial judge, no service was effected by the defendant's attorney of a notice of hearing as permitted by the rule. Is it an abuse of discretion for a trial court to dispose of discretionary matters by acting on them without a hearing when none has been requested for two and one-half months? It is common practice for trial judges to act without a hearing on motions and petitions involving questions of law or the exercise of discretion. Judges have a duty to move their work along.[7] This is necessary in order to keep current, particularly in the field of criminal and probate procedure, but also in civil practice.
The defendant's basic position is that he is entitled to have his records sealed if the petition alleges the statutory prerequisite *528 conditions and that a trial judge should be held to have abused judicial discretion if the trial judge does not affirmatively announce specific reasons for a denial so that an appellate court can review the reasons given and reverse. At oral argument to this court, defendant's counsel complained that the trial judge failed to give the defendant a hearing and this is the focus of the dissent, notwithstanding that there is no record or contention that the defendant requested a hearing, as permitted by Rule 3.590(c), adopted in Rule 3.692(a), and that the request was denied by the trial judge  only that the trial judge acted on the petition without ordering a hearing. While section 943.058 requires the petition for expunction to allege three factual matters as prerequisites, it does not require a hearing. Of course the trial judge has the discretion to grant one if requested or to require a hearing if the trial judge felt the need for one as to any point of law or any matter of fact.
This case is affirmed because (1) a petitioner does not have a legal right to have records sealed; the decision to seal or not to seal being, as the statute states, within "the sole discretion of the court", (2) the petition to seal here completely fails to allege one of the three statutory conditions precedent to the granting of relief, (3) the petition to seal is not supported by affidavit as required by Rule 3.692, (4) the trial court's order denying the petition to seal is entitled to a presumption of correctness and there is nothing in this record to show it is incorrect, and (5) appellate courts should not substitute their judgment for the discretion and judgment given by statute to the trial judge. The statute does not require a trial judge to justify a denial of a petition to seal records and appellate courts should not impose that condition in order to facilitate a substitution of their judgment for that of the trial judge in this type of proceeding. The legislature has acknowledged the trial court's authority to rule on this issue and has vested this discretion to make a ruling in the trial judge, and not in the petitioner, the petitioner's attorney or the appellate court.
The trial court's order is
AFFIRMED.
COWART and PETERSON, JJ., concur.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
While it is within the sole discretion of the trial judge to expunge or seal a record, this discretion, like all of a trial judge's discretionary acts, is subject to review by an appellate court. Fundamental to our system of justice is a right of review of trial courts' decisions.
Of equal importance to the right of a trial judge to exercise her discretion is the duty to exercise her discretion. Here, it is the position of appellant that he was not given the benefit of a hearing where he could show to the trial judge, and make a record to support his contention, that he is entitled to have the benefits of the statute.
I agree with the language in Gonzalez v. State, 565 So.2d 410 (Fla. 3d DCA 1990):
A person may seek to have a criminal history record expunged or sealed if that person meets certain statutory requirements contained in section 943.058(2), Florida Statutes (1989). In 1988, the legislature added the following language to section 943.058(2):
This subsection does not confer upon any person who meets the criteria set out in this subsection the right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court. (Emphasis added).
This amendment was clearly the legislature's response to judicial decisions which virtually prohibited a trial court from exercising any discretion to deny expunction if the criteria of section 943.058(2) were met. E.g., Williamson v. State, 510 So.2d 1052 (Fla. 3d DCA 1987). Consequently, the 1988 statutory amendment requires this court to employ an abuse of discretion standard in determining whether the trial judge wrongly denied expunction of the record.

*529 Obviously, the words "sole discretion" as used in section 943.058 do not permit arbitrary, capricious or whimsical denial of expunction. Instead, this court must decide whether the trial judge used reasonable discretion in denying expunction. [Cites omitted].
See also Hernandez v. State, 603 So.2d 105 (Fla. 3d DCA 1992).
There was no hearing afforded appellant, opposing governmental agencies did not object to the relief sought, and appellant apparently meets objective criteria for favorable consideration. He was not adjudicated guilty of the simple battery charge, had never before secured an expungement and there is no record before us of any other criminal involvement.
While I cannot at this stage of the proceedings say appellant is entitled to an expunction or that the trial judge may be within proper discretionary bounds to deny it I do say it is best that a hearing be held to give an opportunity for appellant to present his case, and a record to be made for review.

ON MOTION FOR REHEARING
Aurelian Smith, Jr. has petitioned this court for rehearing on the limited ground that his motion for expunction and supporting affidavit complied with the Florida Rules of Criminal Procedure and that he should be afforded the hearing that he requested. We grant the motion for rehearing on the issue of whether the initial pleadings were sufficient to merit a hearing and the entitlement to a requested hearing on those pleadings.
Appellant filed with the trial court a proper motion for expunction of his record, supported by affidavit. § 943.058(2), Fla. Stat. (1991). Initially, the affidavit appeared to have been a nullity because it was executed improperly, but, upon closer examination, it appears to have been executed properly by Smith before a notary in the State of Georgia. Both the affidavit and the petition appear to follow the forms promulgated for such by the supreme court in Florida Rule of Criminal Procedure 3.989. We are now convinced that a hearing on the motion was requested orally but was denied and that the motion itself was later denied without a hearing. Florida Rules of Civil Procedure 3.692(a) and 3.590(c) contemplate that a hearing will be afforded when requested.
Because the appellant's petition and affidavit comply with the requirements of the legislature's direction to consider expunction of criminal records in limited circumstances, we question the denial of a hearing on the merits of petitioner's allegations. We are not saying here that appellant is entitled to expunction, only that the court must afford this appellant a meaningful hearing.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
COWART, Judge, Retired, dissents, with opinion.
COWART, Judge, Retired, dissenting.
The defendant was originally charged with the felony of aggravated battery, tried by jury, convicted of that offense, and sentenced by the presiding judge, Judge Graziano, to serve ten years on probation, pay a fine to the clerk under section 960.20, Florida Statutes, and make restitution to the battered victim.[1] This court reversed that conviction.[2]
Upon remand, the defendant negotiated a plea with the State Attorney's office under which adjudication of guilt was withheld, and the defendant received credit for probation already served, was discharged from *530 any further probation and paid $2,500 to the State Attorney's Office,[3] and $25 as costs. The negotiated judgment and sentence was signed by a judge other than Judge Graziano.
Thereafter, on December 11, 1991, the defendant petitioned the court under, and expressly citing, Florida Rule of Criminal Procedure 3.692 and section 943.058, Florida Statutes, to seal all criminal history records relating to his arrest in Orlando on the aggravated battery charge.
The statute, section 943.058(2), Florida Statutes, provides in relevant part:
(2) ... The courts may order the sealing or expunction of any other criminal history record, provided:
(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
(c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33 for at least 10 years; ...
The petition to seal alleges in its entirety three paragraphs as follows:
1. That on May 8, 1989, Defendant, a white male, whose date of birth was May 30, 1945, was arrested by the Orlando Police Department, and charged with Aggravated Battery.
2. That Defendant has not been adjudicated guilty of any of the charges stemming from this arrest or alleged criminal activity.
3. That Defendant has not secured a prior records expunction or sealing under this Section, former Section 893.14 or former Section 901.33.
It can be rather readily observed that paragraph 2 of the petition carefully tracks the substance of subparagraph (2)(b) of the statute; paragraph 3 of the petition carefully tracks the substance of subparagraph (2)(c) of the statute but paragraph 1 of the petition just as carefully avoids and fails to allege the substance of subparagraph (2)(a) of the statute.
While section 943.058, Florida Statutes, confines itself to substance, Florida Rule of Criminal Procedure 3.692 provides procedural requirements for petitions to seal under the statute. That rule provides in part:
All relief sought by means of section 943.058, Florida Statutes (1981), shall be by petition in writing, filed with the clerk. Such petition shall state the grounds[4] upon which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief which affidavit shall state with particularity the statutory grounds and the facts in support of such motion. A copy of the petition and affidavit shall be served upon the prosecuting attorney and upon the arresting authority. Notice and hearing shall be *531 as provided in Rule 3.590(c). [Emphasis added.]
The record on appeal contains no affidavit that affirms the provisions of section 943.058(2), Florida Statutes.
Ignoring for a moment these fatal deficiencies in the petition, the record on appeal shows no request for any evidentiary hearing.[5] On February 28, 1992, Judge Graziano stated that having considered the petition to seal and being otherwise more fully advised in the premises,[6] and being aware that it was within the discretion of the court to deny the petition, the petition was denied. In substance, the defendant's position is that if a petition to seal alleges the statutory[7] prerequisites, then the petitioner is entitled to the order to seal as a matter of right.
The defendant's position is contrary to the intent of section 943.058, which, after recognizing that the courts have jurisdiction over sealing judicial records, goes further and provides that the courts "may [not shall] order the sealing or expunction of any other criminal history record, [such as arrest records] provided ..." the three prerequisite conditions, enumerated above, are met. To the contrary, the statute provides:
This subsection does not confer upon any person who meets the criteria set out in this subsection a right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court.
Rule 3.590(c), governing hearings, which was written to relate to motions for new trial and in arrest of judgment, provides that:
Such motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties, or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
The record on appeal shows that during a period of two and one-half months between the time the petition to seal was filed and the action on it by the trial judge, no service was effected by the defendant's attorney of a notice of hearing as permitted by the rule. Is it an abuse of discretion for a trial court to dispose of discretionary matters by acting on them without a hearing when none has been requested for two and one-half months? It is common practice for trial judges to act without a hearing on motions and petitions involving questions of law or the exercise of discretion. Judges have a duty to move their work along.[8] This is necessary in order to keep current, particularly in the field of criminal and probate procedure, but also in civil practice.
The defendant's basic position is that he is entitled to have his records sealed if the petition alleges the statutory prerequisite conditions and that a trial judge should be held to have abused judicial discretion if the trial judge does not affirmatively announce specific reasons for a denial so that an appellate court can review the reasons given and reverse. At oral argument to this court, defendant's counsel complained that the trial judge failed to give the defendant a hearing and this is the focus of the *532 majority opinion, notwithstanding that there is no record or contention that the defendant requested a hearing, as permitted by Rule 3.590(c), adopted in Rule 3.692(a), and that the request was denied by the trial judge  only that the trial judge acted on the petition without ordering a hearing. While section 943.058 requires the petition for expunction to allege three factual matters as prerequisites, it does not require a hearing. Of course the trial judge has the discretion to grant one if requested or to require a hearing if the trial judge felt the need for one as to any point of law or any matter of fact.
This case should be affirmed because:
(1) a petitioner does not have a legal right to have records sealed; the decision to seal or not to seal being, as the statute states, within "the sole discretion of the court", (2) the petition to seal here completely fails to allege one of the three statutory conditions precedent to the granting of relief, (3) the petition to seal is not supported by affidavit as required by Rule 3.692, (4) the trial court's order denying the petition to seal is entitled to a presumption of correctness and there is nothing in this record to show it is incorrect, and (5) appellate courts should not substitute their judgment for the discretion and judgment given by statute to the trial judge. The statute does not require a trial judge to justify a denial of a petition to seal records and appellate courts should not impose that condition in order to facilitate a substitution of their judgment for that of the trial judge in this type of proceeding. The legislature has acknowledged the trial court's authority to rule on this issue and has vested this discretion to make a ruling in the trial judge, and not in the petitioner, the petitioner's attorney or the appellate court.
NOTES
[1] Section 775.089(1)(a) provides:

... in addition to any punishment, the court shall order the defendant to make restitution to the victim... ." [Emphasis added.]
Section 775.089(2) provides that:
When an offense has resulted in bodily injury to a victim, a restitution order ... shall require that the defendant:
(a) pay the cost of necessary medical ... services..., etc.
[2] Smith v. State, 579 So.2d 906 (Fla. 5th DCA 1991).
[3] No statutory or rule authorization has been found for this provision. Section 939.01, Florida Statutes, which authorizes entry of a judgment for costs of prosecution against a convicted person, does not apply to a defendant who has not been adjudicated guilty of the offense. Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). Further, a trial court cannot impose a state's attorney's fee as a "cost of prosecution". Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992).
[4] The requirement that the petition state "grounds" indicates that the provision for sealing or expunging public records is not a pro forma matter to be done in every case where the statutory prerequisites exist. The petition should allege some facts that sets the given case aside from the usual case. An example would be that the petitioner is in, or desires to attain, a public office or a profession; that the criminal charges made against the petitioner are slanderous and defamatory, imply a lack of personal good character, engender public disrespect and disrepute and greatly harm the petitioner and that the criminal charges against petitioner were a case of mistaken identity and the petitioner was entirely innocent of any involvement. Paragraph one of the petition in this case wholly fails to allege any "good cause" or "grounds" for the exercise of judicial discretion in applying the special benefit permitted by the statute.
[5] This was, of course, the judge who presided over the jury trial and knew and, in the exercise of judicial discretion, was entitled to consider, the evidence heard at trial of the underlying criminal case.
[6] § 943.058(2), Fla. Stat.
[7] See Reddish v. Forlines, 207 So.2d 703 (Fla. 1st DCA 1968).
[1] Section 775.089(1)(a) provides:

... in addition to any punishment, the court shall order the defendant to make restitution to the victim... ." [Emphasis added.]
Section 775.089(2) provides that:
When an offense has resulted in bodily injury to a victim, a restitution order ... shall require that the defendant:
(a) pay the cost of necessary medical ... services..., etc.
[2] Smith v. State, 579 So.2d 906 (Fla. 5th DCA 1991).
[3] No statutory or rule authorization has been found for this provision. Section 939.01, Florida Statutes, which authorizes entry of a judgment for costs of prosecution against a convicted person, does not apply to a defendant who has not been adjudicated guilty of the offense. Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). Further, a trial court cannot impose a state's attorney's fee as a "cost of prosecution". Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992).
[4] The requirement that the petition state "grounds" indicates that the provision for sealing or expunging public records is not a pro forma matter to be done in every case where the statutory prerequisites exist. The petition should allege some facts that sets the given case aside from the usual case. An example would be that the petitioner is in, or desires to attain, a public office or a profession; that the criminal charges made against the petitioner are slanderous and defamatory, imply a lack of personal good character, engender public disrespect and disrepute and greatly harm the petitioner and that the criminal charges against petitioner were a case of mistaken identity and the petitioner was entirely innocent of any involvement. Paragraph one of the petition in this case wholly fails to allege any "good cause" or "grounds" for the exercise of judicial discretion in applying the special benefit permitted by the statute.
[5] The majority apparently relies on an affidavit, attached to the petition for rehearing, executed by a legal secretary concerning her pre-petition filing telephone conversations with the trial judge's judicial assistant but which does not allege that an evidentiary hearing was requested and denied by the judicial assistant or the trial judge. This should be stricken, see Thornber v. City of Ft. Walton Beach, 534 So.2d 754 (Fla. 1st DCA 1988); Altchiler v. Florida Department of Professional Regulation, 442 So.2d 349 (Fla. 1st DCA 1983); Seashole v. F & H of Jacksonville, Inc., 258 So.2d 316 (Fla. 1st DCA 1972).
[6] This was, of course, the judge who presided over the jury trial and knew and, in the exercise of judicial discretion, was entitled to consider, the evidence heard at trial of the underlying criminal case.
[7] § 943.058(2), Fla. Stat.
[8] See Reddish v. Forlines, 207 So.2d 703 (Fla. 1st DCA 1968).