765 So.2d 812 (2000)
Harout OYMAYAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4744.
District Court of Appeal of Florida, First District.
August 9, 2000.
*813 Harout Oymayan, pro se.
Robert A. Butterworth, Attorney General, Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Harout Oymayan appeals an order in which the trial court denied his petition to expunge criminal records, because his records pertained to more than one criminal offense. We reverse for the reasons that the trial court both misinterpreted the pertinent statute and abused its discretion in denying the petition solely because Oymayan had committed multiple offenses.
Oymayan was arrested on December 27, 1995, and charged with possession and sale of cocaine on November 29, 1995; possession and sale of cocaine on December 1, 1995; possession of cannabis on December 27, 1995; and maintaining a dwelling for the use or sale of controlled substances between November 29, 1995, and December 27, 1995. After Oymayan had successfully completed several pretrial programs, the state nolle prossed the charges. A year later, Oymayan filed a petition to expunge all records pertaining to his arrest and charges. The state opposed the motion, contending that he had committed three unrelated drug offenses on three different dates; therefore, Oymayan was entitled to expungement in one case, but not all three.
The trial court agreed and expunged records pertaining to the charges of November 29, 1995, while denying further expungement by written order. Although the parties make no distinction between nonjudicial and judicial criminal records, we consider the lower court recognized the distinction by making two successive rulings in regard to Oymayan's petition. First, the court refused to expunge the additional charges, because they were "separate from and unrelated to" the November 29 charges, and did not involve "a single arrest or incident of alleged criminal activity," as required by section 943.0585, Florida Statutes. It appears this ruling *814 applied to Oymayan's nonjudicial records, and we conclude that it was erroneous as a matter of law. The court further found, "under its inherent authority concerning expungement," that Oymayan had engaged in "a series of criminal acts rather than an isolated, single incident," thus complete expungement was inappropriate. It appears that this ruling applied to Oymayan's judicial criminal records, and we conclude that it was an abuse of discretion.
Section 943.0585, Florida Statutes (Supp.1998), relates to the expungement of criminal history records held by nonjudicial criminal justice agencies, whereas the expungement of judicial criminal records is controlled by Florida Rule of Criminal Procedure 3.692, because only the supreme court has the authority to establish rules relating to judicial procedure. State v. D.H.W., 686 So.2d 1331 (Fla.1996); Johnson v. State, 336 So.2d 93 (Fla.1976). Indeed, section 943.0585 begins by reaffirming the jurisdiction of courts over their own criminal records.[1]
The statute provides, in pertinent part:
The court may only order expunction of a criminal history record pertaining to one arrest or one incident of alleged criminal activity, except as provided in this section. The court may, at its sole discretion, order the expunction of a criminal history record pertaining to more than one arrest if the additional arrests directly relate to the original arrest.... This section does not prevent the court from ordering the expunction of only a portion of a criminal history record pertaining to one arrest or one incident of alleged criminal activity.
On a procedural matter, the state contends the trial court's decision is unreviewable, because section 943.058 provides: "This section does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the sole discretion of the court." (Emphasis added.) Nevertheless, we cannot agree with the argument that such orders are unreviewable. In fact, the history of this provision belies such argument. Before the legislature amended section 943.058, Florida Statutes, the predecessor to section 943.0585, the trial court had no discretion to deny a motion to expunge, so long as the petitioner met the statutory requirements set forth therein. In 1988, the legislature amended the statute to add a version of the sentence quoted above, providing that no person was guaranteed expungement simply by virtue of complying with the statutory requirements, but that the matter was subject to the trial court's discretion. The amendment thus accomplished precisely the opposite of the result the state now urges: Rather than making orders denying expungement nonreviewable, the provision simply ensures that appellate courts may review such orders under the abuse of discretion standard. See Gonzalez v. State, 565 So.2d 410 (Fla. 3d DCA 1990).
On the merits, we conclude that the trial court misconstrued section 943.0585 in that the court held that Oymayan's nonjudicial records were not subject to expunction, because the charges as to each date did not involve a single arrest or incident and were "separate from and unrelated to" each other. On the contrary, they did involve one arrest, which occurred on December 27, 1995, and section 943.0585 expressly authorizes a trial court to expunge records relating to "one arrest or one incident." (Emphasis added.) The statute does not provide that a court may expunge records related to one arrest so long as the arrest involved but one incident. It subsequently allows the court to order expunction of records "pertaining to more than one arrest if the additional *815 arrests directly relate to the original arrest." (Emphasis added.) The court apparently blended these separate provisions and concluded therefrom that the single arrest must pertain to a single incident; consequently, records pertaining to more than one incident may be expunged only if the additional incidents directly relate to the original incident. This was error.
In Dinkins v. State, 764 So.2d 693 (Fla. 1st DCA 2000), this court reversed an order refusing to expunge records, wherein the trial court had concluded that it lacked jurisdiction to consider the petition, because the petitioner "had been involved in multiple incidents over multiple days." We disagreed, observing that the statute "does not contain a blanket prohibition against record expungement where a defendant has committed multiple criminal acts." Id. at 693. The court noted that section 943.0585(1)(b)(2), pertaining to the necessary contents of a petition to expunge, requires the petitioner to allege that he or she was not convicted of "any of the acts stemming from the arrest or alleged criminal activity to which the petition pertains." (Emphasis added.) The court construed the above provision as "suggesting that the Legislature contemplated multiple criminal acts." Id. See also Canter v. State, 448 So.2d 64 (Fla. 3d DCA 1984) (directing expunction of three charges for three incidents of passing bad checks). On remand, the trial court must reconsider Oymayan's request for expungement of all nonjudicial records under section 943.0585.
In regard to Oymayan's judicial criminal history records, the lower court stated that expungement would not be appropriate, because "the defendant has engaged in a series of criminal acts rather than an isolated, single incident." We conclude that the sole fact that more than one incident occurred is an insufficient reason to preclude expungement of the records. In Anderson v. State, 692 So.2d 250, 252 (Fla. 3d DCA 1997), the Third District concluded that a petitioner who satisfies the requirements of rule 3.692 is presumptively entitled to an order to expunge or seal, but that the trial court has the discretion to deny the petition "if there is a good reason for denial based on the facts and circumstances of the individual case." The trial judge stated at the hearing below that he agreed with the prosecutor's observation that expungement was intended to help only the first offender, and that Oymayan had committed three offenses. There is nothing in the rule or case law, however, which supports such interpretation. Indeed, aggravated stalking, the charged offense expunged in Anderson, requires a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing continuity of purpose." § 784.048(1)(b), Fla. Stat. (1995). See also Canter (there was no reason in the record to deny Canter's petition to expunge three charges for three separate incidents of passing bad checks).
As the court in Anderson admonished, a trial court must consider all the facts and circumstances of a petitioner's case. The offenses with which Oymayan was charged occurred within a one-month period, and once he was arrested he performed each of his post-arrest obligations successfully and committed no further offenses. The fact that Oymayan was charged with offenses occurring over a period of three days rather than for one "isolated, single incident" does not by itself warrant denial of the petition seeking expunction of judicial records.
We therefore reverse and remand to permit the trial court to reconsider Oymayan's request for expungement of judicial records.
REVERSED and REMANDED.
LAWRENCE and BROWNING, JJ., CONCUR.
NOTES
[1] "The courts of this state have jurisdiction over their own procedures, including the maintenance, expunction, and correction of judicial records containing criminal history information[.]" § 943.0585, Fla. Stat. (Supp. 1998).