807 So.2d 206 (2002)
Kim WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2569.
District Court of Appeal of Florida, Fifth District.
February 22, 2002.
John C. Notari of Sigman, Sigman, Notari & Sigman, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Kim Wells appeals an order summarily denying her petition to expunge and seal certain criminal records pursuant to section 943.0585, Florida Statutes (2000), and Florida Rule of Criminal Procedure 3.692. In its response filed below, the State conceded *207 that Wells had substantially complied with section 943.0585 and Florida Rules of Criminal Procedure 3.692 and 3.989, advised the court of its discretion to grant or deny Wells's petition pursuant to section 943.0585, and asked that an evidentiary hearing be set on the matter.[1] Shortly thereafter, the trial court denied the petition without a hearing or any stated reason.
Because Wells's petition and supporting papers comply with the requirements of the statutes and rules regarding the ex-punction and sealing of criminal and court records, we question the denial of a hearing on the merits of Wells's allegations. We do not conclude that Wells is entitled to the relief she seeks, only that the court must afford her a meaningful hearing. Smith v. State, 614 So.2d 525, 528 (Fla. 5th DCA 1993).[2]
REVERSED AND REMANDED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] While the record does not support Wells's contention that she orally requested a hearing on her petition, we believe that once the court was presented with a proper petition for sealing and expunction, unopposed by the State, the matter should have been set for hearing, as requested by the State, and not summarily denied. Florida Rules of Criminal Procedure 3.692(a) and 3.590(c) contemplate that a hearing will be afforded when requested. See Smith v. State, 614 So.2d 525, 528 (Fla. 5th DCA 1993).
[2] We recognize that section 943.0585, Florida Statutes (2000) provides: "This section does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the sole discretion of the court." Orders denying expungement of a criminal history record are reviewed under an abuse of discretion standard. See Oymayan v. State, 765 So.2d 812, 813 (Fla. 1st DCA 2000). It would be difficult for this court to review the trial court's order on the merits since the order simply said "denied." Given that Wells's petition was facially sufficient and not opposed by the State, the court's denial of the petition is puzzling.