920 So.2d 208 (2006)
Martha OROZCO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-622.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
Barry M. Kaufman of Barry M. Kaufman, P.A., Tamarac, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Martha Orozco, appeals from a post-judgment order denying her motion to seal criminal record. Appellant was initially charged by Information with grand theft. Thereafter, pursuant to a plea agreement, she pled guilty to petit theft. As part of the agreement, the charge was reduced to a misdemeanor and appellant received a withhold of adjudication, twelve months probation and $1,200 in restitution. As a special condition of her probation, appellant could receive early termination after full payment of restitution. Following payment of restitution, appellant complied with the rules and regulations of her probation and was discharged from probation by court order.
Appellant then filed a petition to seal her criminal record pursuant to rule 3.692, Florida Rules of Criminal Procedure, and section 943.0585, Florida Statutes. In her petition, appellant advised the court that her grand theft charge had been reduced to petit theft, that she had not been adjudicated guilty of any charges stemming from her arrest, that she had not been previously adjudicated guilty of a criminal offense, and that she had not secured a prior records expunction or sealing. Appellant accompanied her petition with an original FDLE certificate of eligibility and her affidavit, as required by statute and rule. The trial court summarily denied the petition.
Summary denial of appellant's petition was error. Having complied with all requirements, she was presumptively entitled to an order sealing her records absent a finding by the trial judge that there was "a good reason for denial based on the *209 facts and circumstances of the individual case." See Oymayan v. State, 765 So.2d 812, 814 (Fla. 1st DCA 2000). Consequently, the trial court should have held a hearing to consider all of the facts and circumstances of appellant's case. Id. at 812; see also Wells v. State, 807 So.2d 206 (Fla. 5th DCA 2002) (holding that where appellant substantially complied with the requirements of the expungement rules and statute, he was entitled to a meaningful hearing on the merits). We, therefore, reverse and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
POLEN and TAYLOR, JJ., concur.