WHATLEY, Judge.
 

 Charles Harman appeals an order denying his petition to expunge the records of criminal justice agencies and the official records of the circuit court. We conclude that the trial court erred in denying the petition based on its two stated grounds and reverse.
 

 The procedure to expunge judicial records and nonjudicial criminal history records is governed by Florida Rule of Criminal Procedure 3.692 and section 943.0585, Florida Statutes (2007). In the present case, the State acknowledges that Mr. Harman satisfied the requirements of
 
 *899
 
 section 948.0585 and rule 3.692 for the expunction of his criminal history records and judicial records. However, as noted by the State and Mr. Harman, even where a petitioner has satisfied all of the statutory requirements, section 943.0585 gives the trial court the discretion to deny expunction.
 
 See Russell v. Miami Herald Publ’g Co.,
 
 570 So.2d 979, 982 (Fla. 2d DCA 1990) (interpreting statute as allowing a trial court to expunge its own records using its sound discretion). A trial court has the discretion to deny a petition “if there is a good reason for denial based on the facts and circumstances of the individual case.”
 
 Anderson v. State,
 
 692 So.2d 250, 252 (Fla. 3d DCA 1997).
 

 Here, the trial court denied the petition based on its finding that the charged offense was serious and its finding that Mr. Harman previously had been accused of a domestic violence offense.
 
 [1]
 
 We conclude that the trial court abused its discretion in denying the petition based on these two reasons.
 

 On April 12, 2005, Mr. Harman was charged by information with the second-degree murder of his wife. However, on April 27, 2006, the State filed a nolle pro-sequi in the case. At the hearing on Mr. Harman’s petition, the prosecutor argued that the charges were dropped because the medical examiner could not determine whether Mr. Harman’s wife’s death was a homicide or a suicide, and therefore, the State could not establish corpus delecti. The prosecutor noted that, even though the case was dropped because the State could not establish corpus delecti, it was not dropped because it believed that Mr. Harman did not commit the offense. It noted that the cause of death was a single gunshot wound and that when a detective asked Mr. Harman how many times he pulled the trigger, Mr. Harman replied that the “gun only went off once.”
 
 [2]
 

 As the State concedes, even though the charge in the instant case was serious, the seriousness of the offense, standing alone, is insufficient to support the denial of the petition.
 
 See Anderson,
 
 692 So.2d at 254 (“[T]he exercise of discretion contemplates that the court will make its decision based on consideration of all of the facts and circumstances, rather than deciding the petition solely on the nature of the charge.”);
 
 see also Godoy v. State,
 
 845 So.2d 1016, 1017 (Fla. 3d DCA 2003) (concluding that trial court’s denial of petition cannot be based solely on the nature of the charge). Therefore, the trial court abused its discretion in denying the petition based on the seriousness of the offense.
 

 We also conclude that the trial court abused its discretion in denying the petition based on the previous domestic violence offense because, as the State concedes, there was no evidence presented at the hearing to support this finding. At the hearing, the prosecutor stated that Mr. Harman previously had been accused of domestic violence by his former wife and that his former wife alleged that Mr. Har-man had threatened to kill her and had told her that he could make it look like self-defense. However, there was no testimony or documentary evidence presented to support the prosecutor’s statements. Therefore, the trial court erred in relying on the attorney’s statements to support its findings.
 

 
 *900
 
 Accordingly, we reverse the order denying Mr. Harman’s petition to expunge and remand to permit the trial court to reconsider the petition.
 
 See Godoy, 845
 
 So.2d at 1017 (remanding with directions to the trial court to reconsider appellant’s petition based on all of the facts and circumstances, not only on the nature of the charge);
 
 Oymayan v. State,
 
 765 So.2d 812, 815 (Fla. 1st DCA 2000) (remanding for trial court to reconsider request for ex-pungement of judicial records).
 

 Reversed and remanded with directions.
 

 ALTENBERND and FULMER, JJ., Concur.
 

 [1]
 

 . When the trial court announced its two stated reasons for denying the petition, Mr. Har-man did not object or otherwise challenge those reasons in the trial court.
 

 [2]
 

 . At the hearing, Mr. Harman argued that this was not an admission that he pulled the trigger.