BENTON, J.
 

 VFD
 
 [1]
 
 asks us to reverse denial of a petition to expunge records of an arrest. He seeks review of an order which, while it directed the Jacksonville Sheriffs Office, in accordance with section 943.059, Florida Statutes (2008), to seal records concerning his arrest on June 26, 2008, denied his petition to have the records expunged, pursuant to section 943.0585, Florida Statutes (2008), and Florida Rule of Criminal Procedure 3.692.
 
 [2]
 
 He contends the trial court abused its discretion by denying his
 
 *1174
 
 petition to expunge without hearing evidence and articulating an evidence-based reason for denial. We reverse and remand for an evidentiary hearing and entry of a new order.
 

 VFD filed a petition to expunge all criminal history record information in the custody of any criminal justice agency and the official records of the court documenting his June 26, 2008, arrest by the Jacksonville Sheriffs Office. The trial court initially entered an order denying the petition, without conducting a hearing, but VFD filed a motion for rehearing in which he requested the opportunity to present evidence on factual issues pertinent to deciding the petition. The trial court granted this motion, set aside the initial order denying the petition to expunge, and set the matter for hearing. When the hearing began, appellant was the first witness. After he had answered two questions, the trial court interjected: “Let me stop you for a moment. If I recall it was not that the State believed he was not eligible, there was some factors they wanted to present, so let me hold off on his testimony because I don’t think anyone denies that he’s eligible. Let me hear from the State and let you respond after they’re done.” This brought to an end the evidentiary portion of the hearing.
 

 Counsel for the state told the court that the arrest occurred when VFD pointed a gun at an air-conditioner repairman in the course of an argument, that officers found the gun under the seat of a truck, and that the officers “also testified by their reports that this defendant was belligerent with them.” The state represented that “it appeared from the reports that [VFD] had shot at someone in self-defense in April of 2008 which was about three months prior to this incident,” and argued against expunging the records because “this is a type of case that could be used as William’s [sic] Rule if any future case were to come up with similar situations.” The assistant state attorney told the trial court that it “appears as if there was a witness who would testify this is what happened to him,” and that “the police officers would have testified there was a gun.”
 

 Counsel for VFD responded that the charges at issue were dropped,
 
 [3]
 
 and that he could present the testimony of VFD’s wife, who was present during the incident, that VFD never pulled a gun. He also stated that he could put on evidence to prove that the April 2008 gunshot was fired in self-defense.
 

 The trial court spurned VFD’s offer to present evidence, stating, “I don’t think it’s my role at this point to determine whether that event in fact happened. My role is to determine whether it would be appropriate to preclude law enforcement from having access to this information should they need it in the future.” The trial court determined “based on the totality” of what had been presented at the hearing that the records would be sealed, but not expunged, so that it could be determined at some later time whether it would be appropriate for law enforcement to have access to the records.
 

 We review orders denying ex-pungement of criminal records under an abuse of discretion standard.
 
 See Oymayan v. State,
 
 765 So.2d 812, 814 (Fla. 1st DCA 2000). As the learned trial judge observed, nobody contends that VFD has not satisfied the statutory and rule eligibility requirements for expunction. The petition and attachments conform with the
 
 *1175
 
 requirements of section 943.0585 and rule 3.692.
 
 [4]
 
 Section 943.0585 makes clear, however, that it “does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the sole discretion of the court.”
 
 See Wells v. State,
 
 807 So.2d 206, 207 n. 2 (Fla. 5th DCA 2002) (quoting statute). “[W]here a petitioner has satisfied all of the statutory requirements, section 943.0585 gives the trial court the discretion to deny expunction ... ‘if there is a good reason for denial based on the facts and circumstances of the individual case.’ ”
 
 Harman v. State,
 
 12 So.3d 898, 899 (Fla. 2d DCA 2009) (quoting
 
 Anderson v. State,
 
 692 So.2d 250, 252 (Fla. 3d DCA 1997)).
 

 In the absence of evidence presented at the hearing to support the prosecutor’s representations, the trial court had no specific factual basis to support the denial of VFD’s petition to expunge.
 
 See Cole v. State,
 
 941 So.2d 549 (Fla. 1st DCA 2006), and cases cited therein.
 
 See also Harman,
 
 12 So.3d at 899 (holding trial court abused its discretion in denying petition to expunge based on a prior offense because “there was no evidence presented at the hearing to support this finding”);
 
 Murphy v. State,
 
 363 So.2d 581, 582 (Fla. 4th DCA 1978) (reversing order denying expunction because the state “did not present any evidence at the hearing to refute appellant’s sufficient allegations and proof but merely objected to the expungement”).
 

 Denial of VFD’s petition on grounds that the records, if not expunged, might — for reasons applicable in any case — prove useful in the future falls short of the exercise of discretion that the statute requires.
 
 See Steinmann v. State,
 
 839 So.2d 832, 832 (Fla. 4th DCA 2003) (holding failure to exercise discretion reversible error);
 
 Wells,
 
 807 So.2d at 207 (same);
 
 Gutkind v. State,
 
 765 So.2d 66, 67 (Fla. 4th DCA 2000) (same). The trial court abused its discretion by not hearing evidence and exercising its discretion based on the facts and circumstances of VFD’s case.
 

 The trial court was alerted to factual disputes, including whether a gun was used during the incident that led to VFD’s arrest. No evidence refuted VFD’s version of events. Accordingly, we reverse and remand with instructions to take evidence before either granting or denying VFD’s petition for articulated reasons based on the facts and circumstances of his case. “We do not conclude that [VFD] is entitled to the relief [he] seeks, only that the court must afford h[im] a meaningful hearing.”
 
 Wells,
 
 807 So.2d at 207 (citing
 
 Smith v. State,
 
 614 So.2d 525, 528 (Fla. 5th DCA 1993)).
 

 Reversed and remanded with instructions.
 

 HAWKES, C.J. and WETHERELL, J„ concur.
 

 [1]
 

 . The trial court granted appellant’s motion to use this designation in order to protect his anonymity on appeal, and we follow the trial court's lead in this regard.
 

 [2]
 

 . Expunged records “must be physically destroyed or obliterated by any criminal justice agency having custody of such record; except that any criminal history record in the custody of the department [of law enforcement] must be retained in all cases.” § 943.0585(4), Fla. Stat. (2008). But an order sealing records “does not require that such record be surrendered to the court, and such record shall continue to be maintained by the department and other criminal justice agencies.” § 943.059(3)(e), Fla. Stat. (2008).
 

 [3]
 

 . Appellant was charged with aggravated assault with a deadly weapon, but the state attorney declined to prosecute the charge.
 

 [4]
 

 . Section 943.0585, Florida Statutes (Supp. 1998), relates to the expungement of criminal history records held by nonjudicial criminal justice agencies, whereas the ex-pungement of judicial criminal records is controlled by Florida Rule of Criminal Procedure 3.692, because only the supreme court has the authority to establish rules relating to judicial procedure.
 
 State v. D.H.W.,
 
 686 So.2d 1331 (Fla.1996); Joh
 
 nson v. State,
 
 336 So.2d 93 (Fla.1976).
 

 Oymayan v. State,
 
 765 So.2d 812, 814 (Fla. 1st DCA 2000).