WHATLEY, Judge.
 

 Marshall Fisher appeals the order summarily denying his petition to expunge certain criminal records pursuant to Florida Rule of Criminal Procedure 3.692 and section 943.0585, Florida Statutes (2007). The trial court’s order denying Fisher’s petition stated merely that section 943.0585 provides that expunction of criminal history records is at the discretion of the court. We reverse and remand for a hearing on Fisher’s petition.
 
 [1]
 

 “A trial court has discretion to deny a petition ‘if there is a good reason for denial based on the facts and circumstances of the individual case.’ ”
 
 Harman v. State,
 
 12 So.3d 898, 899 (Fla. 2d DCA 2009) (quoting
 
 Anderson v. State,
 
 692 So.2d 250, 252 (Fla. 3d DCA 1997)). Where a petitioner has complied with the requirements for seeking expunction of judicial records
 
 *1033
 
 and nonjudicial criminal history records set forth in Florida Rule of Criminal Procedure 3.692 and section 943.0585, Florida Statutes (2007), he is entitled to a hearing at which the trial court should consider all of the facts and circumstances of his case.
 
 See Orozco v. State,
 
 920 So.2d 208 (Fla. 4th DCA 2006);
 
 Wells v. State,
 
 807 So.2d 206 (Fla. 5th DCA 2002). Because the trial court did not conduct a hearing on Fisher’s petition and did not give a reason for denying his petition, we are unable to determine whether it properly exercised its discretion. Accordingly, we reverse and remand with directions that the trial court conduct a hearing on Fisher’s petition and, if it again denies the petition, enter an order setting forth its reasons.
 

 Reversed and remanded with directions.
 

 SILBERMAN and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Fisher's petition cited section 943.0585, Florida Statutes (2007), which concerns ex-punction of records,
 
 or
 
 section 943.059, which concerns sealing of records. At the conclusion of his petition, he moved for ex-punction only. The trial court entered separate orders denying expunction and sealing. Both orders stated merely that the statutes give the court discretion to expunge and seal.