PER CURIAM.
 

 Scott Baker, Appellant, appeals an order denying his petition to expunge his criminal history records related to a charge that the State elected not to pursue. He argues that the trial court’s reasons for denying his petition were not sufficiently related to the particular facts and circumstances of his case. We agree, and therefore, reverse and remand for reconsideration.
 

 After a hearing at which no evidence was adduced, the trial court entered an order denying Appellant’s petition based on the nature of the charge and the nature of Appellant’s occupation. According to the order, Appellant works at a car wash where he has contact with the public, “obviously including children.” The trial court opined that the public’s compelling interest in knowing the character of those who provide a service to the community, particularly the children of the community, justified denial of the petition.
 

 Orders denying expunction of criminal records are reviewed for abuse of discretion.
 
 VFD v. State,
 
 19 So.3d 1172, 1174 (Fla. 1st DCA 2009). Section 943.0585, Florida Statutes (2009), governs the expunction of non-judicial criminal history records, and Florida Rules of Criminal Procedure 3.692 and 3.989 govern petitions to seal or expunge court records.
 
 See Anderson v. State,
 
 692 So.2d 250, 252 (Fla. 3d DCA 1997) (explaining that the legislature has control over non-judicial criminal history records but not court records). Although these authorities do not confer a right to expunction on the petitioner, satisfaction of their requirements does create a presumption in favor of ex-punction.
 
 Anderson,
 
 692 So.2d at 252 (cited with approval in
 
 Oymayan v. State,
 
 765 So.2d 812, 815 (Fla. 1st DCA 2000)). Where the petitioner has satisfied the requirements of the relevant rules and statutes, it is an abuse of discretion for the trial court to deny the petition without a factual basis.
 
 VFD,
 
 19 So.3d at 1175;
 
 see also Harman v. State,
 
 12 So.3d 898, 899 (Fla. 2d DCA 2009) (finding an abuse of discretion where the trial court denied a petition to expunge based on the prosecu
 
 *1149
 
 tor’s unsupported representations concerning events in the defendant’s past).
 

 In deciding whether to grant a motion to expunge, a trial court must weigh the policy of public access to records against the “long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty.”
 
 State v. D.H.W.,
 
 686 So.2d 1331, 1336 (Fla.1996). The court’s discretion must be exercised based on the particular facts and circumstances surrounding the records at issue, and not solely on the nature of the charge.
 
 Cole v. State,
 
 941 So.2d 549, 550 (Fla. 1st DCA 2006) (citing
 
 Godoy v. State,
 
 845 So.2d 1016, 1017 (Fla. 3d DCA 2003)). It is improper to deny a petition for expunction based on facts that would be applicable to any person seeking such relief.
 
 See VFD,
 
 19 So.3d at 1175 (holding that the trial court abused its discretion in relying on the prosecutor’s argument that knowledge of the defendant’s criminal history may prove useful in a future case, as that reasoning would be applicable to any case).
 

 Here, the trial court based its denial on the nature of the charge and the assumption that Appellant’s occupation would place him in contact with children. Despite the trial court’s finding that Appellant would obviously have contact with children through his occupation, there was no evidence indicating that Appellant works in a position of trust, that he has more contact with children than the average person, or that his job places him in the position of having unsupervised contact with children.
 
 Cfi Gonzalez v. State,
 
 565 So.2d 410, 411-12 (Fla. 3d DCA 1990) (holding that it was proper to deny ex-punction of a firefighter’s record where he pled nolo contendere to the unlawful purchase of cocaine, given that his occupation required him to be ready “at any given moment ... to render assistance in a life threatening situation”). Therefore, the trial court’s reasoning was insufficiently related to the particular facts and circumstances of this case, and the denial of the petition was an abuse of discretion based on the record before us. As a result, we reverse and remand for reconsideration of the petition.
 

 REVERSED and REMANDED.
 

 VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.