DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SIMONE MAXWELL,** a/k/a **SYMONE MAXWELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1274

[February 17, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa Porter, Judge; L.T. Case No. 09-007417 CF10A.

Cullin O'Brien of Cullin O'Brien Law, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

WARNER, J.

We grant Appellant's motion for rehearing, withdraw our prior per curiam affirmance, and substitute this opinion in its place.

Appellant Simone Maxwell appeals the trial court's denial of her petition to expunge her criminal history record, arguing that it was an abuse of discretion not to do so, as her judgment of conviction and sentence had been vacated. We disagree and affirm the trial court's denial.

While Appellant was a home healthcare provider for an elderly woman, she would leave the woman unattended and tied to her bed, and would give her Ambien to induce sleep. The Ambien had not been prescribed to the woman. According to the testimony at trial, Appellant did this so that she could party with her boyfriend. Appellant was charged with elderly abuse/neglect under section 825.102(3)(a)(1), Florida Statutes (2008). Following a jury trial, Appellant was found guilty and sentenced to five years in prison.

Appellant appealed the trial court's denial of her motion for acquittal and this Court reversed her judgment of conviction. *Maxwell v. State*, 110 So. 3d 958 (Fla. 4th DCA 2013). The Court found that the affirmative act of giving the elderly woman Ambien did not constitute neglect as defined by section 825.102(3)(a)(1), Florida Statutes (2008). *Maxwell*, 110 So. 3d at 961. The Court concluded that "Appellant's conduct, though possibly criminal, was not proscribed by the statute under which she was charged when construed most favorably to the accused, a construction we are obligated to adopt pursuant to the 'Rule of Lenity.'" *Id.* at 959. On remand, the trial court vacated Appellant's judgment and sentence.

Appellant then filed a petition to expunge. The trial court held a hearing on the petition, which Appellant did not attend. The State did not say anything during the hearing, and did not enter any opposition or support of the petition. Neither side presented evidence. The trial court denied the petition. Appellant now challenges this denial.

The procedure to expunge criminal history records is governed by Florida Rule of Criminal Procedure 3.692 and section 943.0585, Florida Statutes (2014). "This section does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the sole discretion of the court." § 943.0585, Fla. Stat. (2014).

However, the court's discretion to deny a petition is not unlimited. *Gotowala v. State*, 162 So. 3d 33, 34 (Fla. 4th DCA 2014). Where a petition substantially complies with all of the section 943.0585 requirements, the petitioner is presumptively entitled to an order of expunction "absent a finding by the trial judge that there was 'a good reason for denial based on the facts and circumstances of the individual case.'" *Orozco v. State*, 920 So. 2d 208, 208-09 (Fla. 4th DCA 2006) (quoting *Oymayan v. State*, 765 So. 2d 812, 814 (Fla. 1st DCA 2000)); *see also Baker v. State*, 53 So. 3d 1147, 1148 (Fla. 1st DCA 2011) ("Where the petitioner has satisfied the requirements of the relevant rules and statutes, it is an abuse of discretion for the trial court to deny the petition without a factual basis.").

A petition to expunge is complete only when accompanied by a certificate of eligibility for expunction issued by the Florida Department of Law Enforcement ("FDLE"), as well as the petitioner's sworn statement that the petitioner, among other things, "[h]as not been adjudicated guilty of . . . any of the acts stemming from the arrest or alleged criminal activity to which the petition pertains." § 943.0585(1), Fla. Stat. (2014).

Here, Appellant's petition was accompanied by a certificate of eligibility

and a sworn statement that claimed, in part, that she had "never been adjudicated guilty of a criminal offense . . . which has not been vacated."[1] At the hearing on the petition, the trial court offered to hear testimony, but Appellant's attorney declined. Appellant was not present at the hearing, and while her absence itself was not held against her, it meant that there was nothing for the court to consider except the trial testimony.

Relying on the facts as developed at the criminal trial, the trial court found that although her conviction had been reversed on a charging issue, "the public should have a right to know about" Appellant's arrest for her treatment of the elderly woman. The court specifically referenced the fact that Appellant had been a family friend, hired at great expense to provide nursing care to the elderly woman, who was mentally sharp but had been rendered immobile by a fractured hip; that Appellant would tie her to the bed and leave her unattended for hours; and that Appellant would

---

[1] Although Appellant did receive an FDLE certificate of eligibility for expunction, it appears that the certificate should not have been issued. In cases where charges were actually filed, to be eligible for a certificate of eligibility under section 943.0585(2), Florida Statutes (2014), a person must submit to the FDLE "a written, certified statement from the appropriate state attorney or statewide prosecutor" indicating that the charging document

> was dismissed or nolle prosequi by the state attorney or statewide prosecutor, or was dismissed by a court of competent jurisdiction, *and that none of the charges related to the arrest or alleged criminal activity to which the petition to expunge pertains resulted in a trial, without regard to whether the outcome of the trial was other than an adjudication of guilt.*

§ 943.0585(2)(a)2., Fla. Stat. (2014) (emphasis added). The italicized language was added to the statute in 2006, and unquestionably applies in the present case. *See* 2006 Fla. Sess. Law Serv. Ch. 2006-176 (H.B. 151) (WEST).

In the form Appellant submitted to the FDLE, an assistant state attorney ("ASA") had checked a box that the charging document had merely been dismissed. The form was evidently outdated, as it did not address whether the charge had resulted in a trial. Nonetheless, because the charge had indeed resulted in a trial, the FDLE initially denied Appellant's request for a certificate of eligibility. Upon a motion by Appellant, the trial court overrode this decision and ordered the FDLE to issue her a certificate. Appellant's motion relied on *Murphy v. State*, 363 So. 2d 581 (Fla. 4th DCA 1978), involving an extremely outdated version of the statute.

It appears to us that the FDLE's initial determination was correct. The ASA's statement failed to address the fact that the charge had resulted in trial. The fact that the trial had been held, regardless of the outcome, precluded Appellant's eligibility for a certificate. The reversal on appeal and subsequent dismissal were irrelevant. Thus, the trial court incorrectly determined that Appellant was eligible for an FDLE certificate.

administer unprescribed Ambien to the woman, which could have fatally interacted with her other medications. On this basis, the trial court denied the petition to expunge. Appellant raises various arguments as to why this was an abuse of discretion.

We find that the trial court gave acceptable reasons for denying Appellant's petition. Those reasons were sufficiently related to the specific facts and circumstances of her case to constitute good reasons to deny the petition. Although Appellant relies on *Baker*, 53 So. 3d at 1148, that case is distinguishable. *Baker* dealt with expunging an arrest on charges that the State elected not to pursue. *Id.* It did not involve an appellate reversal after a jury's guilty verdict. Further, the trial court in *Baker* considered only the nature of the charge and the defendant's occupation. *Id.* This contrasts with the present case, where the trial court also considered the underlying facts and trial testimony.

The manner in which a conviction was discharged is relevant in considering a petition to expunge. This is reflected in section 943.0585, which effectively bars the expunction of any charges that proceeded to trial, regardless of the outcome. *See* § 943.0585(2)(a)2., Fla. Stat. (2014). In this case, the trial court noted that the charge had indeed proceeded to trial, following which a jury had found Appellant guilty. Even though this Court found that the facts did not constitute the crime charged; nevertheless, we noted that Appellant's conduct was possibly criminal. This would serve as a "good reason" not to expunge her record.

On this basis, we affirm the trial court's denial of the petition to expunge.

*Affirmed.*

MAY, J., and GILLEN, JEFFREY DANA, Associate Judge, concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**

4